## Case No. 12,696.

### Ex parte SHAFFENBURG.

[4 Dill. 271.] [1]

### Circuit Court, D. Colorado. 1877.

CRIMINAL LAW — INDICTMENT FOR FRAUDULENT CLAIMS AGAINST THE GOVERNMENT—JURISDICTION — REV. ST. SEC. 5438, CONSTRUED.

1. An erroneous decision of a court having jurisdiction of the offence and of the person indicted, cannot be re-examined on habeas corpus.

[Cited in Ex parte Kenyon, Case No. 7,720; Re Morris, 40 Fed. 825.]

[Cited in Ex parte Bowen (Fla.) 6 South. 65.]

2. Section 5438 of the Revised Statutes, prohibiting the making or presenting of false claims and bills against the general government, construed.

3. This statute distinguishes between the making and the presenting of a false claim, and makes each a distinct offence.

4. A false account made by a marshal within the limits of Colorado, and presented to the court and approved in Colorado, and afterwards presented to the treasury department in Washington, is a complete offence as to the making in Colorado, for which the offender may be there indicted.

Mr. Hugh Butler presented the petition of M. A. Shaffenburg for a writ of habeas corpus. The petitioner was the late United States marshal for the territory of Colorado, and was convicted by the United States district court under an indictment founded upon section 5438 of the Revised Statutes of the United States, and sentenced to imprisonment for the term of two years in the penitentiary of the state of Kansas. He presented to the circuit court his petition for a writ of habeas corpus, alleging that his imprisonment is unlawful. The indictment contains two counts, the first, in substance, charging

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

that the petitioner, being the marshal of the United States for the territory of Colorado, made and caused to be made therein, a false, fictitious, and fraudulent claim against the United States, in respect of court expenses, stating the amount, and presented, and caused the same to be presented, to the treasury department of the United States for the purpose of obtaining the payment thereof. The second count is as follows:

"And the grand jurors aforesaid, on their oaths aforesaid, do further present that the said Mark A. Shaffenburg, late of Arapahoe county, in the First judicial district of Colorado territory aforesaid, heretofore, on the third day of December, in the year of our Lord one thousand eight hundred and seventy-four, at the said county of Arapahoe, in the First judicial district of Colorado territory aforesaid, and within the jurisdiction of this court, being then and there marshal of the United States for the territory of Colorado, did then and there make and cause to be made for payment and approval by officers of the treasury department of the United States, a false, fictitious, and fraudulent claim, amounting to the sum of to-wit: nine thousand three hundred and eighty-eight dollars and fifty-six cents, in words and figures following:

"The United States in Account Current with M. A. Shaffenburg, United States Marshal for the District of Colorado, for the Expenses of the United States District Court, Held at Denver, Colorado. September Term, 1874:

Dr.

| | |
|---|---:|
| Compensation of United States grand jury (abst.)............ $ | 344 35 |
| Compensation of United States petit jury (abst. 2)........... | 300 80 |
| Compensation of United States witnesses (abst. 3)............ | 439 00 |
| Before United States commissioner, supplemental ................. | 298 85 |
| Before United States marshal, supplemental (abst. 47).......... | 402 95 |
| Contingent expenses, supplemental (abst. 6) ...................... | 485 25 |
| Commissions on $1868.25 disbursed, at two per cent. (abst. 46)...... | 37 36 |
| Balance due the United States..... | 5,106 59 |
| | $14,495 15 |
| By amount from former account current ..................... | $14,495 15 |

"District of Colorado, ss: M. A. Shaffenburg, marshal of the United States for the district of Colorado, being duly sworn, deposes and says, that the services stated in the foregoing account, and in the abstracts and vouchers therein referred to, have been rendered as therein stated; that the supplies charged were furnished for and used by the court; that the disbursements charged, and all the expenses stated therein, were necessary and proper, and were paid in good faith, and that all the items charged are correct and legal, and the amounts thereof justly due to him as therein stated, as he verily believes. (Signed) M. A. Shaffenburg.

"Subscribed and sworn to this 3d day of December, in the year 1874, before me (Signed) John W. Webster, Clerk Supreme Court Colorado Territory. (Seal.)

"Approved: (Signed) E. T. Wells, Judge First Judicial District, Colorado Territory.

"And he, the said Mark A. Shaffenburg, did, on the said 3d day of December, in the year of our Lord one thousand eight hundred and seventy-four, present, and cause to be presented, the said false, fictitious, and fraudulent claim to the first auditor and the first comptroller of the treasury department of the United States, and the treasurer of the United States, for payment and approval, the said first auditor and first comptroller of the treasury department of the United States and the said treasurer of the United States being then and there persons and officers in the civil service of the United States, knowing the said claim to be false, fictitious, and fraudulent; and for the purpose of obtaining and aiding to obtain the payment and approval of said false, fictitious, and fraudulent claim, he, the said Mark A. Shaffenburg, did, then and there, make, use, and cause to be made and used, a certain false voucher, designated therein 'Voucher 6,' in words and figures following:

"The United States, to M. A. Shaffenburg, United States Marshal, Dr.

"For maintaining and subsisting United States prisoners during their time of confinement awaiting trial, as follows: Of United States prisoners Gustave Buchasen, Charles Leichering, and Florain Spalti, from July 16th to November 17th, 1874, inclusive—three persons, one hundred and twenty-five days each—three hundred and seventy-five days, at $1.15 per day ....................... $431 25

"(Here follow other like bills or vouchers.)

"He, the said Mark A. Shaffenburg, then and there knowing the said vouchers to contain fraudulent and fictitious entries, with fraudulent design and intent, and with intent then and there to cheat and defraud the government of the United States, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States of America."

On the admission of the territory of Colorado as a state the indictment was transferred to the United States district court, in which the trial was had.

Hugh Butler and Thomas P. Fenlon, for petitioner.

George R. Peck, contra.

Before MILLER, Circuit Justice, and DILLON, Circuit Judge.

DILLON, Circuit Judge. The statute (Rev. St. § 5438) on which the indictment is based, when carefully examined, will be found to provide not only for the making or presenting for approval or payment of a claim against the government which is known to be false, fictitious, or fraudulent, but also for the making, for the purpose of

obtaining, or aiding to obtain, the payment or approval thereof of "any false bill, receipt, voucher, roll, account, claim, certificate, affidavit, or deposition, knowing the same to contain any fraudulent or fictitious statement or entry." Rev. St. § 5438.

The first count of the indictment charges the petitioner with the making, in Colorado, of a false claim for court expenses, but that count does not, in terms, aver that the claim was in the form of a bill, account, or voucher. But the second count expressly charges the petitioner with the making of a false and fraudulent bill and vouchers, which are set forth at large therein, and avers that this was done within the territorial limits of Colorado.

The precise claim of the petitioner is that the district court of Colorado was without jurisdiction in the case, because it appears from the indictment that it is legally impossible for that court to have cognizance of the offence therein charged, for the reason that the offence, as charged, was not consummated, and, in the nature of things, could not be consummated, in Colorado. It is contended by the petitioner that the making of a false and fraudulent claim by the marshal of the United States, within the meaning of the statute, necessarily involves the presentation of that claim for payment or approval, and as it is alleged that this claim was presented to the treasury department in Washington, there could be no completed offence until it was thus presented; and hence the jurisdiction to try the petitioner therefor is exclusively in the proper court in the District of Columbia.

In any view of the present case, it probably falls within and is governed by the decision of the supreme court in Ex parte Parks, 93 U. S. 18. Inasmuch as the making of a false and fraudulent claim against the government is made a criminal offence, and jurisdiction over such offences is given to the district court, the question whether the particular indictment charged a completed offence within the district of Colorado, is one which that court was competent to decide, and would be required to decide on a demurrer to the indictment or on a motion in arrest of judgment.

If decided wrongly, the decision would be erroneous, but not void, and it is plain that an erroneous decision of this kind cannot be corrected on habeas corpus. But it is not necessary to place our judgment on this ground. Nor is it necessary to state what constitutes the making of a false claim within the meaning of the first part of section 5438. A subsequent clause in the section makes it a criminal offence to make any false paper, instrument, bill, affidavit, etc., for the prohibited purpose.

The second count in the indictment charges the making, by the petitioner, within the limits of Colorado, of a false bill, or claim, in writing, which is set forth in full in the indictment. The offence was complete when that bill was made, as therein alleged, with the intent to use the same to obtain the payment thereof, just as much so as if, under another clause, standing in the same connection, the petitioner had made a false affidavit or deposition in Colorado with a view to obtain or aid in obtaining the payment or approval of a fraudulent claim by the treasury department in Washington.

The statute distinguishes between the making and the presenting of a fraudulent account or bill. It makes each a distinct offence. It may be that the offence of presenting a false bill or account to the treasury department in Washington can only be prosecuted in the courts of the District of Columbia; but the offence of making a false bill or account may be prosecuted in the judicial district in which the fraudulent claim is made. What constitutes or consummates the making of a false claim, within the meaning of the statute, may be difficult to define so as to embrace within the definition all cases that might arise. For the purposes of the present application, it is sufficient to say that we are of opinion that the facts averred in the second count of the indictment do show a completed offence within the territorial limits of the district of Colorado. In other words, our judgment is, that if a marshal of the United States for a given district shall make out a false and fraudulent bill against the United States for official services or expenses, and present the same to the court for approval, and, after having secured that, shall forward the same to the treasury department at Washington for payment, or otherwise cause the same to be there presented for this purpose, this is the making, in such district, of a false and fraudulent bill, within the meaning and purpose of the statute.

Such has been the construction which has heretofore been put upon this useful and necessary statute in the courts in this circuit, and elsewhere, so far as we know. The opposite construction overlooks the distinction which the statute so broadly marks between the making and the presenting of fraudulent claims, and by confining the jurisdiction, in most cases, to the District of Columbia, would rob the statute of its utility by disabling the government to prosecute for its violation, except under obvious difficulties, and at great expense, both to itself and to the persons whom it accused.

Mr. Justice MILLER concurs in this exposition of the statute and in the opinion that the petitioner is not entitled, on the showing made, to a writ of habeas corpus. The writ is accordingly refused.

Writ refused.

See Ex parte Peters [Case No. 11,027].