## *In re* ELLERBE.[*]

(*Circuit Court, E. D. Missouri.*  October 4, 1882.)

1. CRIMES—CONTEMPT—REV. ST. §§ 725, 1014.

A refusal to obey a subpœna issued by a federal court is an offense against the federal government, within the meaning of section 1014 of the Revised Statutes of the United States.

2. SAME.

Where a federal court orders the arrest of a witness charged with having failed to obey a subpœna issued by it, and duly served, and the witness departs into another district before he can be arrested, any judge of the United States, having jurisdiction in the district to which the witness has removed, may order his arrest and removal back to the district in which he is charged with the offense.

3. SAME—RIGHT OF WITNESS TO A HEARING.

In such cases the judge ordering the arrest of the witness cannot inquire into his guilt or innocence before ordering his removal.

Petition for a Writ of *Habeas Corpus.*

*Chester H. Krum,* for petitioner.

*M. Drummond,* Asst. U. S. Atty., for the United States.

McCRARY, C. J.  The record of this case shows that the petitioner was arrested in this district upon a warrant issued from the office of the clerk of the circuit court of the United States for the eastern district of Arkansas, which warrant was issued by the order of that court in a proceeding against petitioner for contempt.  It appears that petitioner was duly subpœnaed in said eastern district of Arkansas, on the twenty-sixth day of April, 1882, to appear and testify on the twenty-seventh day of said month as a witness in a civil cause pending in said court.

When duly served with the subpœna he was temporarily within said district on professional business, but was a resident of St. Louis, within the eastern district of Missouri, more than 100

---

[*]Reported by R. F. Rex, Esq., of the St. Louis bar.

miles from Little Rock, Arkansas, where the said cause stood for trial. His arrest was ordered by that court for contempt in neglecting to attend the aforesaid court as a witness, after having been duly served with process of subpœna. The warrant for petitioner's arrest was presented to the judge of the district court of this district, who indorsed thereon his order to the marshal of this district to arrest the petitioner and deliver him to the marshal of the United States for the eastern district of Arkansas. This arrest having been made, petitioner applied to the district court for discharge upon *habeas corpus*, upon the ground that the proceedings within this district were without warrant of law, and that petitioner was unlawfully restrained of his liberty, without justification and proper authority.

Section 725 of the Revised Statutes of the United States provides that—

" The courts of the United States shall have power to impose and administer all necessary oaths, and to punish by fine or imprisonment, at the discretion of the court, contempts of their authority: provided, that such power to punish contempts shall not be construed to extend to any cases except the misbehavior of any persons in their presence, or so near thereto as to obstruct the administration of justice, the misbehavior of any of the officers of said courts in their official transactions, and the disobedience or resistance by any such officer, or by any party, juror, witness, or other person, to any lawful writ, process, order, rule, decree, or command of the said courts. "

Section 1014 of the Revised Statutes of the United States provides that "for any crime or offense against the United States" the offender may, by any judge of the United States, be arrested and imprisoned, or bailed "for trial before such court of the United States, as by law has cognizance of the offense." And it further provides that "when any offender or witness is committed in any district other than that where the offense is to be tried, it shall be the duty of the district judge of the district where such offender or witness is imprisoned, seasonably to issue, and the marshal to execute, a warrant for his removal to the district where the trial is to be had."

It is conceded by the counsel for the petitioner that the statute authorizes the arrest in one district of a party charged with the commission of an offense against the United States in another district. But it is contended that contempt is not such an offense. This position, however, is untenable. A refusal to obey the process of a court of the United States is an attempt to obstruct the administration of justice, and is plainly an offense against the federal government.

A proceeding in contempt, in a federal court, is a criminal case, to be prosecuted in the name of the United States. *Riggs* v. *Supervisors*, 1 Woolw. 377; *Ex parte Kearney*, 7 Wheat. 38; *New Orleans* v. *Steam-ship Co.* 20 Wall. 387.

By the express terms of section 725 of the Revised Statutes of the United States, the courts of the United States are authorized to punish contempt, and this necessarily implies that it is an offense against the United States. It has frequently been held to be an offense against the United States, within the terms of the provision of the constitution which authorizes the president to pardon such offenders. *Dixon's Case*, 3 Op. Atty. Gen. 622; *Conger's Case*, 4 Op. Atty. Gen. 317; *Rowan & Wells' Case*, Id. 458.

It is next insisted on behalf of the petitioner that he is entitled to a hearing before he can be sent out of the district, and that he has not had such a hearing as the law requires. It was, no doubt, the duty of the marshal of the eastern district of Arkansas to apply to the judge of his district for an order for the arrest of the petitioner; and it was the duty of the district judge to enter into such an investigation as was necessary to enable him to determine whether the petitioner should be sent out of the district to answer the charge against him. Precisely how far the district judge was authorized to go upon such a hearing, it is not necessary in the present case to determine. Certain it is that he had a right to inquire into the question of the prisoner's identity. This would be necessary in any case, for the judgment of a court in another district, however conclusive upon all other questions, would establish nothing with regard to the identity of the prisoner.

It may, for the purposes of this case, be assumed that the district judge could inquire into the question of the jurisdiction of the court in Arkansas to try the prisoner for the offense charged. If such be the law the jurisdiction clearly appears. I do not think, however, that in a case such as this the district judge can go further and inquire into the question of the guilt or innocence of the prisoner. There may be cases, in which the inquiry might properly extend to an examination into the question of probable guilt, but if so they are cases where there has neither been a preliminary examination nor an indictment in the district where the offense was committed, nor an order for the arrest of the prisoner by a court of the United States of competent jurisdiction and sitting in that district. See opinions of Mr. Justice Miller and Judge Love, 1 Woolw. 422.

The power to punish for contempt is inherent in every court, and, as we have already seen, is expressly conferred upon the federal courts by act of congress. The record before us shows that the circuit court of the United States in and for the eastern district of Arkansas, having jurisdiction of the petitioner, ordered his arrest to answer for a contempt of its authority. That court is the sole judge of such a question, and it would be exceedingly improper for another court to assume to revise its judgment upon the subject. Even the supreme court of the United States upon appeal will not review the action of a circuit court of the United States in imposing a fine for contempt. *New Orleans* v. *Steam-ship Co. supra.*

If the district court had, in the present case, gone so far as to question the propriety of the order for the petitioner's arrest, on the ground that he was not guilty of a contempt of the authority of the circuit court of the United States for the eastern district of Arkansas, its action would have been unwarranted in law and disrespectful to another court of co-ordinate jurisdiction. The proof, therefore, which was before the district court sufficiently established all the facts that were necessary to justify the decision of that court against the petitioner. It showed that the petitioner was within the jurisdiction of the circuit court of the United States in and for the eastern district of Arkansas, that he was served with subpoena to appear before the court as a witness in a civil cause therein pending, and that he failed to respond to the subpoena, and removed himself beyond the jurisdiction of the court.

If persons summoned to appear as witnesses in the federal courts can refuse to obey the summons and place themselves beyond the reach of the law by departing from the district, the most serious consequences would result; the administration of justice would be greatly impeded, the rights of parties in many cases would be sacrificed, and the courts of the United States would be rendered powerless to protect litigants by compelling the attendance of important witnesses.

The conclusion is that the judgment of the district court should be affirmed. And it is accordingly ordered.

NOTE. See *In re Tift,* 11 FED. REP. 463; *New York & Balt. C. P. Co.* v. *New York C. P. Co.* 11 FED. REP. 813; *U. S.* v. *Justices of Lauderdale Co.* 10 FED. REP. and note, p. 468; *In re Cary,* 10 FED. REP. 622, and note, p. 629; *Atlantic Giant Powd. Co.* v. *Dittmar Powd. Manuf'g. Co.* 9 FED. REP. 316; *Fischer* v. *Hayes,* 6 FED. REP. 63; *U. S.* v. *Memphis & Little Rock Co.* 6 FED. REP. 237; *Steam Stone Cutter Co.* v. *Windsor Manuf'g Co.* 3 FED. REP. 298;

*In re May,* 1 FED. REP. 737; *Bridges* v. *Sheldon,* 18 Blatchf. 507; *Van Zandt* v. *Argentine Min. Co.* 2 McCrary, 642; *Ex parte Rowland,* 104 U. S. 604; *Hayes* v. *Fischer,* 102 U. S. 121; *U. S.* v. *Jacobi,* 1 Flippen, 108; *Hovey* v. *McDonald,* 3 McArthur, 184.—[Ed.