*In re* MORRIS.

*In re* CISSON.

*(Circuit Court, E. D. Tennessee.* December 6, 1889.)

HABEAS CORPUS—CONVICTION BEFORE UNITED STATES COMMISSIONER.
    Upon an application for a writ of *habeas corpus* by one jailed, in default of bail, upon a conviction before a United States commissioner, under a warrant charging counterfeiting the coin of the United States, the court will not inquire into the merits of the decision of the commissioner, but only as to whether an offense is charged, and whether the commissioner has power to inquire into and adjudge the complaint.

Application of George Morris for *habeas corpus.*
*W. H. Harbison,* for petitioner.
*H. M. Wiltse,* Asst. U. S. Dist. Atty.

KEY, J.    The petitioner has presented his application for a writ of *habeas corpus.* He alleges that he was arrested under a warrant issued by a commissioner of this court in which he is charged with counterfeiting the coin of the United States; that he was tried before the commissioner, and found guilty; and, failing to give bond, was committed to jail to await trial at the next term of the court.    It is not insisted that the offense charged is not a crime against the United States, or that the commissioner had no authority to hear the case.    The petition alleges that the proof heard by the commissioner was insufficient to justify the judgment rendered; that it fails to show probable cause of the petitioner's guilt.    The case is of considerable importance, not only to the petitioner and those similarly situated, but to the government.    There are several hundred criminal offenses tried in the federal courts of the eastern and middle districts of Tennessee in every year, and four-fifths of them, I presume, are commenced before commissioners of the courts.    If it be the duty of the court or judge to grant and hear applications for writs of *habeas corpus* upon the ground of the character or weight of the proof upon which the commissioners act in these cases, there will be scope and opportunity for an extensive business and great expenditure of the public money in this field of operations.    But if the law imposes such a duty, or gives such a right, it must be met and enforced.    Proceedings on *habeas corpus* in the federal courts are not governed by state legislation, but must conform to common-law rules.    *Ex parte Kaine,* 3 Blatchf. 1.    We must look to the common law, to the legislation of congress, and the decisions of the federal courts for the principles which should control the determination of this case.    There is not absolute uniformity in the decisions of the circuit and district courts in regard to these principles, as applicable to the case under consideration.    In *Re Stupp,* 12 Blatchf. 507, it was held that the court issuing the writ will not retry the case, but will inquire into the jurisdiction and the regularity of the proceedings.    In *Ex parte Parks,* 14 Alb. Law J. 339, it was said that it is only when the proceedings below are entirely void that the prisoner is entitled

to a discharge. *Ex parte Shaffenburg*, 4 Dill. **271, decides** that a decision of a court of competent jurisdiction cannot be questioned for error upon *habeas corpus*. In *Ex parte Van Aernam*, 3 Blatchf. 160, it was held that, in proceedings under *habeas corpus*, the court will not inquire into the merits of a decision of the committing magistrate. It will only inquire whether the prisoner was charged with a criminal offense, and whether the magistrate has power to inquire into and adjudge upon the complaint. The decisions or principle are supported by the authority of adjudications of the supreme court of the United States. *Ex parte Siebold*, 100 U. S. 371; *Ex parte Carll*, 106 U. S. 521, 1 Sup. Ct. Rep. 535; *Ex parte Parks*, 93 U. S. 18. These principles, when applied to the case in hand, lead to the conclusion that the petition, on its face, fails to state facts sufficient to authorize the issuance of the writ, and should be dismissed. If, however, this were not so, I should feel bound to reach the conclusion that the writ should be dismissed upon the proof made before the commissioner. This proof shows that the petitioner was at a blacksmith shop when moulds were being made for making counterfeit money. That Colbert Kerley, about Christmas or New Year's, 1888–89, was in the night-time making counterfeit money, at petitioner's house, and that the petitioner held a light for him. That, after a few dollars were made, petitioner said that he would not have any more of it made about his house. Petitioner had some of the money in his hand looking at it; and that Kerley had been seen at his house several times. I cannot say that the opinion of the commissioner in holding that probable cause was shown, and that he should be held to answer, is erroneous. But one of the witnesses examined before the commissioner, and whose testimony was reduced to writing, and signed by the witness, and who is charged with engaging in the same offense, is brought before the court, and states that the language of his written statement is somewhat erroneous, he thinks. He now thinks that he (said petitioner) might have held the light; that he does not remember positively that he held it. If this change were made in his statement of his testimony, I am not prepared to say that it would change the commissioner's conclusion, or ought to do so. I do not believe that this supplemental or modified statement can now be entertained. My conclusion is that the petition and writ should be dismissed, and the petitioner remanded to jail, unless he gives bond and surety for his appearance, as required by the commissioner, and it is so ordered.

In *Re Cisson* the same result is reached and the same order made.