Upon the facts stated in the complaint, and admitted by the demurrer, the plaintiff is entitled to recover. He appears to have had, at least, possession of the claim, and the defendant ousted him without a shadow of right, and is, in fact, a naked trespasser.

The laws of the state of Oregon govern this procedure, (23 St. p. 25,) and by them any "person who has a legal estate in real property, and a present right to the possession thereof, may recover such possession, with damages for withholding the same, by an action at law." Hill's Comp. 1887, § 316.

In *Wilson* v. *Fine*, 14 Sawy. 38, 38 Fed. Rep. 789, it was held, in the United States circuit court for the district of Oregon, that a person in the possession of real property might maintain this action to recover the same against a mere intruder or wrong-doer.

The judgment of the court below is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

---

### *In re* BOYD.

*(Circuit Court of Appeals, Eighth Circuit. January 25, 1892.)*

**1. HABEAS CORPUS—SUBSTITUTE FOR WRIT OF ERROR.**
A writ of *habeas corpus* cannot be used as a mere substitute for a writ of error, but will only be issued if applied for to relieve from imprisonment under the order or sentence of some inferior federal court, when such court has acted without jurisdiction, or has exceeded its jurisdiction, and its order is for that reason void.

**2. SPIRITUOUS LIQUORS—INTRODUCTION INTO INDIAN COUNTRY—INFORMATION.**
An information lodged with a United States commissioner charged the accused with "introducing ten gallons of beer into the Indian country, the same being then and there spirituous liquor, in violation of section 2139, Rev. St. U. S." *Held,* that introducing spirituous liquor into the Indian country was an offense under section 2139; that the commissioner had jurisdiction of such offenses, and the power to determine if beer was a spirituous liquor; and that his decision on that question could not be reviewed on a writ of *habeas corpus.*

Appeal from the United States Court in the Indian Territory:

Application by Silas J. Boyd for a writ of *habeas corpus.* The writ was denied, and he appeals. Affirmed.

*W. B. Johnson* and *C. B. Stuart,* for appellant.

Before CALDWELL, Circuit Judge, and SHIRAS and THAYER, District Judges.

THAYER, District Judge. This is an appeal from an order of the United States court in the Indian Territory, denying an application for a writ of *habeas corpus.* An information appears to have been lodged with a United States commissioner[1] in the Indian Territory, which was intended to charge the appellant with the commission of an offense under section 2139, Rev. St. U. S. The commissioner issued a warrant, and, after an arrest and hearing in due form, committed the accused in default of bail for trial before the United States court in the Indian Territory. Thereupon the

Albert Rennie.

appellant applied for a writ of *habeas corpus*, which was refused, and the present appeal was taken.

The petition for the writ had annexed to it a full transcript of all the proceedings before the commissioner, and the same has been incorporated into the record. From such transcript it appears that the appellant was charged in the information lodged with the commissioner with having "introduced ten gallons of beer into the Indian country, the same being then and there spirituous liquor, in violation of section 2139 of the Revised Statutes of the United States, and against its peace and dignity." It was claimed by appellant in the lower court, and the same contention is made here, that the affidavit or information did not charge an offense against the laws of the United States, because beer is not a "spirituous liquor;" that the commissioner accordingly acted without authority, and that the order committing the appellant in default of bail was and is unlawful and void. We are of the opinion that the lower court properly refused to grant a writ of *habeas corpus*. The information, as we construe it, in effect charged the accused with "introducing spirituous liquors into the Indian country," which is an offense under section 2139, *supra*, in that it alleged that the beer introduced was "spirituous liquor." It was the duty of the commissioner to hear and determine the issue thus tendered, and to hear and determine it like any other question of law or fact that might arise in the course of the trial. It was as much within his jurisdiction to decide whether the liquor in question was "spirituous" as it was to determine whether a liquor of any kind had been introduced into the territory by the accused, if that fact had been denied and put in issue. According to our view, the information charged an offense under the laws of the United States. The commissioner had authority to commit persons charged with such offenses, and, as the record shows, he had acquired full jurisdiction of the person of the accused. Under these circumstances, the order of commitment was not void; and, such being the case, a writ of *habeas corpus* will not lie, no matter how erroneous the order may have been. The writ cannot be used as a mere substitute for a writ of error, to reverse an erroneous judgment, but will only be issued (if applied for to relieve from imprisonment under the order or sentence of some inferior federal court) when it is shown that such inferior tribunal has acted without jurisdiction, or has exceeded its jurisdiction, and that its order was and is, for that reason, void. This doctrine is fundamental, and has often been stated and applied. *Ex parte Parks*, 93 U. S. 18; *Ex parte Bigelow*, 113 U. S. 328, 5 Sup. Ct. Rep. 542; *Ex parte Yarbrough*, 110 U. S. 651, 4 Sup. Ct. Rep. 152; *Ex parte Ulrich*, 43 Fed. Rep. 663. In *Ex parte Bigelow, supra*, it was held that a district court has jurisdiction to determine in the first instance whether a particular act set out and described in an indictment as a crime under the laws of the United States is or is not a crime; and that the supreme court would not, under a writ of *habeas corpus*, review the decision of the lower court on that point, although no writ of error could be sued out to reverse the judgment. This decision illustrates

the scope and stringency of the rule to which we have referred. With-out pursuing the subject further, it will suffice to say that the order re-fusing the writ was clearly right, and is hereby affirmed.

---

UNITED STATES *v.* FOWKES.[1]

*(District Court, E. D. Pennsylvania. January 5, 1892.)*

1. CRIMINAL LAW—REMOVAL OF PRISONER TO ANOTHER DISTRICT—EVIDENCE.
　　Evidence which does not form the subject-matter of a defense, but merely tends to show that the indictment had been irregularly found, or that the offense charged could not have been committed by the prisoner, will be heard in his behalf in proceedings for warrant of removal, under Rev. St. § 1014.
2. SAME—DISCHARGE ON HABEAS CORPUS.
　　Where a prisoner has been arrested on a warrant founded on an indictment found by a federal grand jury of a district in which he did not reside and was not found, which presumably had not been instructed by the court as to the constituents of the crime charged, and when there had been no previous arrest, hearing, or binding over, the court of the district in which the arrest is made will discharge the prisoner on *habeas corpus.*

*Habeas Corpus* by Frank W. Fowkes, relator, and motion to court for warrant of removal, under section 1014, Rev. St., commissioner's return 93, of 1891, of a prisoner committed by a commissioner on a warrant issued under an indictment found by the federal grand jury of the eastern division of the eastern district of Missouri, for offense against the interstate commerce act, (Act Cong. Feb. 4, 1887,) as amended March 2, 1889.

The indictment charged that the Wabash, the New York, Chicago & St. Louis, the Central of New Jersey, the Philadelphia & Reading, and the Delaware, Lackawanna & Western Railroads, each being a corporation, a common carrier, and engaged in the transportation of property wholly by railroad, under an agreement operated a continuous line from East St. Louis to Philadelphia; that they had established a joint tariff of rates for continuous carriage, and filed a copy thereof with the interstate commerce commission, for locomotive brakes, of 38½ cents per cwt.; and that certain named persons, acting for the several railroads,—among them, said Frank W. Fowkes, for the Philadelphia & Reading Railroad, —willfully charged, etc., and caused to be charged, etc., a less compensation than the joint tariff rates (31½ cents per cwt.) to the American Brake Company for carrying locomotive brakes from East St. Louis to Philadelphia over their railroads. The second count of the indictment charged that said charge of less than tariff rates was willfully permitted, by means of a rebate allowed by said officials. The indictment had been found merely on presentation by district attorney, and without arrest or binding over. The prisoner was allowed to testify, and deposed that he was never in the state of Missouri; that his business was only to

[1] Reported by Mark Wilks Collet, Esq., of the Philadelphia bar.