## Ex parte RICKELT.

### (Circuit Court, S. D. Ohio, W. D. April 25, 1894.)

### No. 4,695.

HABEAS CORPUS—WHEN LIES.
   Habeas corpus will not lie to determine the simple question of law whether the facts proved before a United States commissioner on preliminary hearing are sufficient to constitute the crime for which the prisoner has been committed.

This was a Petition by Gustave Rickelt for a writ of habeas corpus to procure his release from the custody of the marshal by whom he was held under commitment of a United States commissioner.

Jones & Herholz, for petitioner.
Harlan Cleveland and Henry Hooper, for respondent.

TAFT, Circuit Judge. This is a proceeding in habeas corpus to obtain the release of one Gustave Rickelt. On April 3d, W. W. Dickson, a post-office inspector, made an affidavit before S. C. McCandless, United States circuit court commissioner for the western district of Pennsylvania, at Pittsburgh, that Gustave Rickelt, on the 17th of February, 1894, in that district, "did unlawfully secrete, embezzle, or destroy a certain letter which had been in the custody of the post-office establishment of the United States, before the same had been delivered to the person to whom it was directed, with the design to obstruct the correspondence or pry into the business or secrets of other persons, the said letter then and there hav-

ing indorsed upon it the following:    Upon the left-hand upper corner thereof the following printed matter, to wit: 'Return to Dr. Julius H. Eichberg, No. 50 W. Ninth St., Cincinnati, O.,' and having upon the envelope the following address, 'To Miss Seraphine Ernau, Member of German Theatrical Co. from Cincinnati, Seventh Ave. Hotel, Pittsburgh, Pa.'    And upon the right-hand upper corner thereof a United States two-cent postage stamp."    This was charged to have been a violation of section 3892 of the Revised Statutes of the United States, which provides as follows:

"Any person who shall take any letter, postal card, or packet although it does not contain any article of value or evidence thereof, out of a post-office or branch post-office or from a letter or mail carrier, or which has been in any post-office, or branch post-office, or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed, with a design to obstruct the correspondence, or to pry into the business or secrets of another, or shall secrete, embezzle or destroy the same, shall for every such offence be punishable by a fine or not more than five hundred dollars, or by imprisonment at hard labor for not more than one year, or by both."

Upon the affidavit a warrant was issued by John E. Bruce, Esq., United States commissioner of the circuit court of this distric', for preliminary examination and commitment, to await the issuance of the warrant of removal by the district judge of this district.    A preliminary examination was held, and evidence was introduced before the commissioner tending to show that a letter like that described in the affidavit had been received at the Seventh Avenue Hotel in Pittsburgh, Pa., and delivered to the clerk of the hotel; that the hotel clerk handed the letter to Rickelt, who was the stage manager of the company of which the addressee of the letter was a member, and that he at first refused to take it, but finally said, "Give it to me, and I will give it to her," and that the addressee never received the letter.    The evidence shows that letters not claimed at the hotel office after 10 days are always returned to the post office; that when carriers leave letters in the office, they are distributed, and put in pigeonholes kept in the hotel office for the use of the guests of the hotel; that three or four letters came to Miss Ernau during the same week, addressed to the care of the hotel, and were received by her through that agency.    The commissioner, upon this evidence, committed accused to the custody of the marshal to await the issuance of the warrant of removal by the district judge.    Pending this commitment, and before the action of the district judge, these proceedings were brought.

The petition and writ of habeas corpus must be dismissed.    The only question which it is sought to make here on behalf of the petitioner is that the facts developed before the commissioner were not evidence sufficient to constitute the offense described in section 3892.    That is a mere question of law, the decision of which is in the first instance committed by section 1014, Rev. St., to the jurisdiction of the United States commissioner before whom the preliminary examination is had.    There is no doubt that the consideration of the offense charged was within the jurisdiction of the commissioner before whom the examination took place.    There is no doubt that the courts of the United States for the western

district of Pennsylvania have jurisdiction to try the offense charged in the affidavit upon which the warrant has issued. The question of law here raised will come up regularly for decision before the grand jury of the western district of Pennsylvania when it considers the finding of an indictment, and before the district court of that district when the indictment found is tried. The writ of habeas corpus cannot be used as a writ of error to review the action of the United States commissioner within his jurisdiction. If it were a question whether the crime charged had been committed in the district to which the removal was about to be made,—that is, whether the crime charged was within the jurisdiction of the courts of that district,—this would be a proper proceeding to test it. If it were a question whether the act under which the prosecution is being conducted was constitutional, that, too, might be tested by habeas corpus proceedings. Not so, however, the simple question whether the facts alleged and proven are in law sufficient to constitute the crime described in the statute. That is a question for the consideration of the regular tribunals before whom it may be raised in the due procedure of preliminary examination, indictment, and trial. The writ of habeas corpus is a collateral proceeding, and its scope is limited, as above stated. This conclusion is fully supported by the decision of the supreme court of the United States in Horner v. U. S., 143 U. S. 570, 12 Sup. Ct. 522. In that case it was sought by writ of habeas corpus to test the question whether the prisoner was properly committed by a United States commissioner under the lottery act for sending circulars through the mails for the sale of certain Austrian bonds, which were charged to be nothing but a scheme for a lottery.

The question made on the petition for the writ of habeas corpus was that the bonds were not a lottery, within the meaning of the federal statute. The supreme court held that the question whether the scheme was a lottery was a question to be determined by the commissioner, by the grand jury, and by the district or circuit court in which the indictment was to be tried, and that it was not for the circuit court or for the supreme court, on the writ of habeas corpus, to determine this question in advance. Mr. Justice Blatchford cites a number of cases to sustain this holding, one of which was an extradition case,—In re Luis Oteiza y Cortes, 136 U. S. 330, 10 Sup. Ct. 1031.

The writ is accordingly dismissed, at the costs of the petitioner.