### CASTNER et al. v. POCAHONTAS COLLIERIES CO. et al.

(Circuit Court, W. D. Virginia. July 31, 1902.)

1. CONTEMPT OF COURT—OFFENSE AGAINST UNITED STATES.
   Contempt of a federal court is an offense, within Rev. St. U. S. § 1014, which, with Act May 28, 1896 (29 Stat. 184), authorizes a United States commissioner to arrest, imprison, or bail for an offense against the United States.

2. SAME—AFFIDAVIT FOR WARRANT OF ARREST.
   Affidavit for warrant of arrest for contempt of court in disobeying an injunctive order against interfering with work by lawless acts of intimidation need not be made by a party to the injunction suit, but by any one knowing the facts; the acts forbidden being themselves offenses.

3. HABEAS CORPUS—QUESTIONS CONSIDERED.
   On petition for habeas corpus by one arrested and committed for disobeying an injunction, the question whether petitioner knew of the injunction cannot be inquired into; this being a matter of defense on the merits, and not material on the question whether the judgment of committal was void.

Petition for Writ of Habeas Corpus.

V. L. Sexton, for petitioners.

McDOWELL, District Judge. On July 16, 1902, on a verified bill of complaint, I signed an order enjoining numerous named defendants, —striking coal miners,—and all others associated or connected with them, from interfering with the working of the mines of the Pocahontas Collieries Company, either by menaces, threats, or any character of intimidation used to prevent employés of said company from going to or from said mines, or from engaging in mining at said mines. It appears from a petition for writ of habeas corpus this day laid before me in behalf of Miles Hambrick and two others (none of the petitioners being named in the injunction order) that on July 23, 1902, on the affidavit of one A. J. King, warrants for the arrest of petitioners were issued by a United States commissioner for this district; the charge made in the affidavit being that the petitioners had by intimidation sought to prevent certain employés of the above-named company from working, in violation of the above order. The petitioners were arrested, and given a preliminary hearing before the commissioner, and, being unable to give the bond required for their appearance before court, have been committed to jail pending the next regular term of court.

The point chiefly relied on by counsel for petitioners is the alleged want of authority in the commissioner to hold the examining trial and to commit the petitioners.

Section 1014, Rev. St. U. S., reads, so far as material, as follows:

"For any crime or offense against the United States, the offender may, by any * * * commissioner of a circuit court to take bail * * * agreeably to the usual mode of process against offenders in such state * * * be arrested and imprisoned, or bailed, as the case may be, for trial before such court of the United States as by law has cognizance of the offence."

By Act May 28, 1896 (29 Stat. 184) United States commissioners are given the same powers and duties as had previously been given to cir-

cuit court commissioners. That a contempt is an offense against the United States is not open to question.

In Fanshawe v. Tracy, 4 Biss. 490, Fed. Cas. No. 4,643, Judge Drummond said:

"A party who has conducted himself in such a way as to justify the court in punishing him for contempt or for disobedience of its order has committed an offense against the United States."

In Fischer v. Hayes (C. C.) 6 Fed. 68, Judge Blatchford said:

"It is well settled that contempt of court is a specific criminal offense."

Citing New Orleans v. New York Mail Steamship Co., 20 Wall. 387, 392, 22 L. Ed. 354.

In Re Ellerbe (C. C.) 13 Fed. 530, 4 McCrary, 449, Judge McCrary said:

"A refusal to obey the process of a court of the United States * * * is plainly an offense against the federal government. A proceeding in contempt, in a federal court, is a criminal case, to be prosecuted in the name of the United States."

In U. S. v. Jacobi, 1 Flip. 108, Fed. Cas. No. 15,460, the question is quite fully discussed; the court saying:

"I hold that section 17 [section 725, Rev. St.] makes contempt of court a crime against the United States. Now that it is, within section 33 [section 1014, Rev. St.], a crime for which the party may be arrested and imprisoned or bailed, I do not doubt."

See, also, In re Acker (C. C.) 66 Fed. 290.

As further tending to show that contempt of court is an offense against the United States, it may be noted that since a very early day the president has been held to have the power to pardon for contempt, under article 2, § 2, Const., giving him the right to pardon for offenses against the United States. In re Mullee, Fed. Cas. No. 9,911, and opinions of attorneys general there cited.

Another ground relied upon in the petition is that the affidavit upon which the warrants were issued was not made by a party to the suit.

In Secor v. Singleton (C. C.) 35 Fed. 378, it is said:

"In cases where an injunction has been granted to enforce or maintain a merely private right, a proceeding instituted to punish a party for violating the order is very generally regarded as a proceeding to redress a private injury, in which the public have no concern, and for that reason the prosecutor or person filing the information must have an interest in the proceeding differing from that of the general public; otherwise the courts will not entertain the information."

This doctrine is not applicable to the case in hand. The injunction order here forbade acts which are in themselves offenses against the criminal laws of the state. It is a matter of common knowledge that strikes, especially strikes of coal miners, are frequently accompanied by lawless acts of intimidation. The complaint here charges this offense to the petitioners. In such cases the public is interested. The citizens generally are concerned to bring to an end the reign of terror created by the strikers. Certainly in contempts of this character every citizen has a right to make complaint against persons who, in violating the order of the court, at the same time violate the criminal laws of

the state. Moreover, section 1014, Rev. St., provides that the procedure for the arrest and examining trial of offenders shall be "agreeably to the usual mode of process in such state." Certainly the usual procedure in this state, when there has been an offense against the criminal law, is for any person knowing the facts to "swear out" a warrant. I know of no Virginia authority requiring a different course in contempt cases.

It is further alleged in the petition (the evidence taken by the commissioner not being produced) that the petitioners had no knowledge of the injunction order. This is a defense on the merits, but is not now to be inquired into. Presumably the commissioner has heard evidence on this point, and has fairly exercised his judicial functions in deciding that there is probable cause to believe the petitioners guilty of contempt. They could not be guilty if they had no knowledge of the injunction. Habeas corpus is not an appellate writ, and its issue is proper in such cases as this only where the judgment of committal is void, as for want of jurisdiction. 4 Enc. Pl. & Prac. 816 et seq.; In re Stupp, 12 Blatchf. 501, Fed. Cas. No. 13,563; In re Byron (C. C.) 18 Fed. 723; In re Morris (C. C.) 40 Fed. 824; In re Boyd, 1 C. C. A. 156, 49 Fed. 48; Ex parte Rickelt (C. C.) 61 Fed. 203.

It follows that the writ should be denied.