UNITED STATES ex rel. FONG ON v. McCARTHY.

(District Court, S. D. New York. January 4, 1916.)

1. HABEAS CORPUS ⊜⇒4—REVIEW OF ORDERS OF DEPORTATION—SCOPE OF REVIEW.

Under Act Sept. 13, 1888, c. 1015, § 13, 25 Stat. 479 (Comp. St. 1913, § 4313), providing that any person of Chinese descent found unlawfully in the United States may be arrested and removed to the country whence he came, but that any such Chinese person convicted before a commissioner of a United States court may, within 10 days from such conviction, appeal to the Judge of the District Court, on habeas corpus by a person of Chinese descent ordered deported by a United States commissioner, the court will not determine whether there is any evidence upon which the commissioner could act, since the evidence may be reviewed upon an appeal, and, where there is an opportunity to review the whole case, habeas corpus searches only the jurisdiction of the court over the person and over the subject-matter.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 4; Dec. Dig. ⊜⇒4.]

2. HABEAS CORPUS ⊜⇒4—REVIEW OF ERRORS.

Habeas corpus may not be made to do the work of a writ of error.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 4; Dec. Dig. ⊜⇒4.]

Habeas corpus by the United States, on relation of Fong On, against Thomas D. McCarthy. Judgment against petitioner.

The proceeding comes up on return to a writ of habeas corpus issued to the marshal of the district, who holds the relator on an order of deportation to China issued by the United States commissioner for the Southern district of New York. The relator is a person of Chinese descent who has been held by the commissioner as a laborer without certificate under section 6, c. 60, of the Act of May 5, 1892, as amended by section 1, c. 14, of the Act of November 3, 1893 (27 Stat. 25, 28 Stat. 7 [Comp. St. 1913, § 4320]). At the hearing it was conceded that the relator was a person of Chinese descent and that he had no certificate, but that the government failed to make any proof that he was an alien or a laborer. The commissioner called upon the relator to prove these facts, relying upon section 3, c. 60, of the Act of May 5, 1892, 27 Stat. 25 (Comp. St. 1913, § 4317). The theory of the writ is that the government must put in some proof that the relator was an alien before he can be excluded from the United States, and that section 3 either is not intended to cover such a case or is unconstitutional. The relator urges that the writ will search the record to see whether there is any evidence upon which the commissioner could act; to that extent it involves a question of law.

John Neville Boyle, of New York City, for relator.
Edwin M. Stanton, of New York City, for the United States.

LEARNED HAND, District Judge (after stating the facts as above). [1] The proceedings were taken under section 13 of the Act of September 13, 1888, one provision of which gives a Chinese person convicted before a commissioner appeal to the Judge of the District Court for the district, upon which appeal all the evidence may be reviewed. Were it not for this right I am inclined to think that the writ would lie. Gegiow v. Uhl, 239 U. S. 3, 36 Sup. Ct. 2, 60 L. Ed. ——;

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Zakonaite v. Wolf, 226 U. S. 272, 274, 275, 33 Sup. Ct. 31, 57 L. Ed. 218. The same rule appears to apply in removal cases where there is no other review. Hyde v. Shine, 199 U. S. 62, 84, 25 Sup. Ct. 760, 50 L. Ed. 90; Greene v. Henkel, 183 U. S. 249, 261, 22 Sup. Ct. 218, 46 L. Ed. 177. The question is not so clear in commitments by a magistrate to await trial. In Ex parte Bollman, 4 Cranch, 75, 2 L. Ed. 554, Ex parte Jones (C. C.) 96 Fed. 200, and Re Martin, 5 Blatch. 303, Fed. Cas. No. 9,151, the court reviewed the testimony and discharged the relator for its insufficiency, but the contrary seems to have been held in Horner v. United States (No. 2) 143 U. S. 570, 12 Sup. Ct. 522, 36 L. Ed. 266, and Ex parte Rickelt, 61 Fed. 203.

[2] Where, however, as here, there is an opportunity to review the whole case, habeas corpus searches only the jurisdiction of the court over the person and over the subject-matter. Harlan v. McGourin, 218 U. S. 442, 31 Sup. Ct. 44, 54 L. Ed. 1101, 21 Ann. Cas. 849; Matter of Gregory, 219 U. S. 210, 31 Sup. Ct. 143, 55 L. Ed. 184. It is an old rule that habeas corpus may not be made to do the work of a writ of error. Dimmick v. Thompkins, 194 U. S. 540, 24 Sup. Ct. 780, 48 L. Ed. 1110. While the writ is not discretionary, it is not intended to duplicate other adequate procedure, or to enable a review to be made up in numerous parts. If the court is acting wholly out of its jurisdiction, a different question arises.