COMMONWEALTH *vs.* JOHN B. TRICKEY.

An indictment for doing business in violation of the statutes for the observance of the Lord's day need not aver that the defendant did not conscientiously believe that the seventh day of the week ought to be observed as the Sabbath, and refrained from secular business on that day.

A person may be convicted of doing business in violation of the statutes for the observance of the Lord's day, although the business done by him is selling intoxicating liquors in violation of law.

CHAPMAN, J. The complaint alleges that the defendant, on the day and during the hours specified, that day being the Lord's day, did keep open his shop " for the purpose of doing business therein, the same not being then and there works of necessity or charity." The alleged offence is prohibited by Gen. Sts. *c.* 84, § 1, and *St.* 1863, *c.* 143, which increases the penalty.

The complaint is objected to because it does not allege that the defendant did not conscientiously observe the seventh day of the week as the Sabbath, and abstain from secular business thereon, within the provisions of § 9. But this is matter of defence, to be alleged and proved by the defendant. *Commonwealth* v. *Hart*, 11 Cush. 130.

It is also contended by the defendant that the evidence tended to prove that his shop was kept open for the illegal sale of liquors, and this business was an offence against another statute ; and that it is not an offence within the meaning of this statute to keep open a shop to do business which is itself illegal. It is contended that, if it were so, the defendant might, upon proof of the same facts, be convicted of two separate offences. But this objection has no force. If a person does, by one act, commit offences against several statutes, there is no good reason why he should not be punished for the violation of each. And it has been so held. In *Commonwealth* v. *Harrison*, 11 Gray, 308, the defendant was convicted of such an offence as is charged in this complaint, though he had been previously convicted of selling the liquors contrary to the *St.* of 1855, *c.* 215, § 15, upon a portion of the same evidence. So a single act of selling liquor may be proved in support of an indictment against one

as a common seller; and if the defendant is not convicted, he may be afterwards convicted for the same single sale. *Commonwealth* v. *Hudson*, 14 Gray, 11. And there are a great variety of cases in which the same evidence may tend to prove that a person has committed several distinct offences. See *Commonwealth* v. *Harris*, ante, 534.                    *Exceptions overruled.*

*G. E. Betton*, for the defendant.

*Reed*, A. G., for the Commonwealth.