## UNITED STATES *v.* TYLER.

1. An officer of the army who is "retired from active service" is still in the military service of the United States, and, in addition to the per centum of the pay of the rank on which he was retired, is entitled to the ten per centum allowed by law for each term of five years' service.
2. The ten per centum is to be computed on the sum primarily fixed as such reduced pay, with the increase for each five years previously earned added to that sum, when its increase for any new period of five years is to be computed.

APPEAL from the Court of Claims.

The facts are stated in the opinion of the court.

*The Solicitor-General* for the United States.

*Mr. Richard W. Tyler* and *Mr. Robert B. Warden* for the appellee.

MR. JUSTICE MILLER delivered the opinion of the court.

The question in this case is, whether the appellee, who, on the fifteenth day of December, 1870, was retired from the army of the United States with the rank of captain, on account of wounds received in battle, is entitled to the benefit of the statute which increases the pay of officers by ten per cent for every period of five years' service.

The law for this increased compensation is thus expressed in the Revised Statutes: —

"SECT. 1262. There shall be allowed and paid to each commissioned officer below the rank of brigadier-general, including chaplains, and others having assimilated rank or pay, ten per centum of their current yearly pay for each term of five years' service.

"SECT. 1263. The total amount of such increase for length of service shall in no case exceed forty per centum of their current yearly pay of the grade as prescribed by law."

These sections are taken from the act of July 15, 1870, c. 294, and constituted the law on that subject when the appellee was retired, and their proper construction is the measure of his rights in this controversy. Sect. 1276 of the Revised Statutes was sect. 24 of the same statute, and is in the following language: "Officers retired from active service shall receive sev-

enty-five per centum of the pay of the rank upon which they are retired."

Section 1275 provides that "officers wholly retired from the service shall be entitled to receive upon their retirement one year's pay and allowances of the highest rank held by them, whether by staff or regimental commission, at the time of their retirement."

There is, therefore, a manifest difference in the two kinds of retirement, namely, retiring from active service and retiring wholly and altogether from the service.

In the latter case such reward or compensation as Congress thought proper to bestow, namely, one year's pay and allowance, in addition to what was previously allowed, is given at once, and the connection is ended. In the former case the compensation is continued at a reduced rate, and the connection is continued, with a retirement from active service only.

The question is, therefore, whether an officer thus situated is in the service within the meaning of sect. 1262. That section allows an increase of pay for every five years' service. When the service ends, there can be no increase on that account. As long as the service continues, the increased pay applies whenever it amounts to five years.

The law under which these officers are retired does not require their consent, nor does it require that the order for their retirement shall be based upon any absolute incapacity for further service. It may be based upon age, which, being fixed at a minimum of sixty-two years, by no means implies such incapacity. It may be based upon wounds received in battle, but the person retired for this cause may, for many purposes, be a very useful officer.

The provisions of the statutes, and the uniform treatment of these officers, conform to this view, and necessarily imply that, while not required to perform full service, they are a part of the army, and may be assigned to such duty as the laws and regulations permit.

Section 1094 of the revision designates specifically by a catalogue of twenty-eight items, of what the army of the United States consists, and the twenty-seventh item of this enumeration is "the officers of the army on the retired list."

They are then by law a part of the army.

Section 1256 enacts that " officers retired from active service shall be entitled to wear the uniform of the rank on which they may be retired. They shall continue to be borne on the Army Register, and shall be subject to the rules and articles of war, and to trial by general court-martial for any breach thereof."

Section 1259 declares that they may be assigned to duty at the Soldiers' Home; and sect. 1260, that they may be detailed to serve as professors in any college.

It is impossible to hold that men who are by statute declared to be a part of the army, who may wear its uniform, whose names shall be borne upon its register, who may be assigned by their superior officers to specified duties by detail as other officers are, who are subject to the rules and articles of war, and may be tried, not by a jury, as other citizens are, but by a military court-martial, for any breach of those rules, and who may finally be dismissed on such trial from the service in disgrace, are still *not* in the military service.

If Congress chose to provide for their qualified relief from active duty, and for a diminished compensation, it did not discharge them from their other obligations as part of the army of the United States. And if, because they were not required to do full service thereafter, their compensation was diminished by the statute twenty-five per cent, that is no reason why the accounting officers should add a further limitation of pay not found in any statute.

We are of opinion that retired officers are in the military service of the government, and that the increased pay of ten per cent for each five years' service applies to the years so passed in the service after retirement as well as before.

We also hold that the words " current yearly pay," in sect. 1262, require that, when the increased pay for any period of five years is to commence, the ten per cent must be counted on the regular salary added to its increase by any previous periods of five years; so that the original salary of the rank, and any additions of ten per cent previously earned for periods of five years, constitute the current yearly pay on which said ten per cent is to be calculated.

*Judgment affirmed.*