ROSE ex rel. CARTER v. ROBERTS.

(Circuit Court of Appeals, Second Circuit. January 24, 1900.)

No. 118.

1. COURTS-MARTIAL—REVIEW BY HABEAS CORPUS.
    The judgment of a court-martial cannot be reviewed by a writ of habeas corpus, except to determine the question of jurisdiction.

2. SAME—JURISDICTION—JOINDER OF OFFENSES.
    An indefinite number of offenses may be adjudicated together in one proceeding by a court-martial, and a single sentence rendered covering all the convictions.

3. SAME—PUNISHMENT.
    Under the sixtieth article of war, declaring that a person in the military service, who conspires to obtain or aid others to obtain the allowance of any fraudulent claim against the United States, or who makes or causes to be made any such claim, or who shall be guilty of certain other offenses, "shall on conviction thereof be punished by fine or imprisonment, or by such other punishment as a court-martial may adjudge," a person convicted of two offenses named therein may be punished by fine as to one and by imprisonment as to the other.

4. SAME.
    A person sentenced by a court-martial to fine and imprisonment for presenting fraudulent claims to the United States may be punished by dismissal from the service for the same offense, as conduct unbecoming an officer.

5. SAME.
    The fact that an army officer sentenced by a court-martial to fine and imprisonment is by the same judgment dismissed from the service does not deprive the military authorities of jurisdiction to carry out the sentence.

In Error to the Circuit Court of the United States for the Southern District of New York.

Abram J. Rose, for plaintiff in error.

Henry L. Burnett, for defendant in error.

Before WALLACE and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. This appeal presents for review an order of the circuit court of the United States for the Southern district of New York dismissing a writ of habeas corpus. The writ was obtained in behalf of Oberlin M. Carter on a petition alleging that the relator was unlawfully imprisoned pursuant to a sentence of a court-martial.

It appears by the record that the relator as a captain in the corps of engineers, United States army, was convicted by the court-martial

of four different offenses committed by him while in the military service of the United States, viz. conspiring to defraud the United States, in violation of the sixtieth article of war; causing false and fraudulent claims to be made against the United States, in violation of the sixtieth article of war; conduct unbecoming an officer and a gentleman, in violation of the sixty-first article of war; and embezzlement, as defined in section 5488, Rev. St. U. S., in violation of the sixty-second article of war. He was thereupon sentenced by the court-martial to suffer a fine of $5,000, to be imprisoned at hard labor for five years, to be dismissed from the service of the United States, and to the publication of his crime and punishment as prescribed by statute upon a dismissal for fraud. The findings and sentence of the court-martial were approved by the secretary of war and confirmed by the president, and before the institution of the proceedings under review the relator had paid the fine imposed by the sentence, and had been dismissed from the service of the United States.

It is not the office of a writ of habeas corpus to perform the functions of a writ of error in reviewing the judgment of a court-martial. Courts-martial are tribunals created by congress in pursuance of the power conferred by the constitution, and have as plenary jurisdiction of offenses committed to them by the law military as do the circuit and district courts of the United States in the exercise of their statutory powers over other offenses. The question of jurisdiction may be reached by such a writ, as it may be when the judgment of any tribunal is attacked; but the range and scope of the inquiry is controlled by the same rules and limitations in either case. There must be jurisdiction to hear and determine, and to render the particular judgment or sentence imposed; but, if this exists, however erroneous the proceedings may be, they cannot be reviewed collaterally, or redressed by habeas corpus. These principles have been repeatedly declared by the authorities. In re Davison (C. C.) 21 Fed. 618; Ex parte Reed, 100 U. S. 13, 25 L. Ed. 538; In re Coy, 127 U. S. 731, 8 Sup. Ct. 1263, 32 L. Ed. 274; Ex parte Yarborough, 110 U. S. 651, 4 Sup. Ct. 152, 28 L. Ed. 274; U. S. v. Pridgeon, 153 U. S. 59, 14 Sup. Ct. 746, 38 L. Ed. 631.

It is not contended for the appellant that the court-martial did not have jurisdiction of the person of the accused and of the offenses of which he was convicted, but it is insisted that the court transcended its power in the imposition of punishment. More specifically, the contention for the appellant is that, while it was within the competency of the court-martial to try and punish the relator for the offenses in violation of the sixtieth article of war of which he was convicted, the court exceeded its authority when it punished him by fine and imprisonment instead of fine or imprisonment; and that the conviction and sentence for the offense alleged to be in violation of the sixty-second article of war were void, because the facts charged did not constitute an offense against that article.

If the sentence was in excess of the authority conferred upon the court by the articles of war enacted by congress, it was to that extent void, as the court would have gone beyond its jurisdiction in

imposing punishment. On the other hand, if the authority of the court extended to the punishment of the relator by fine and imprisonment upon his conviction of the two offenses in violation of the sixtieth article of war, the sentence defeats any remedy by the writ of habeas corpus, as that remedy reaches only cases of unlawful imprisonment, and it matters not, for present purposes, whether the authority of the court extended to his conviction and sentence for any other offense. There being no statutory direction upon the subject, usage permits an indefinite number of offenses to be adjudicated together in one proceeding by courts-martial, and the rendition of a single sentence covering all the convictions and imposing punishment accordingly, however separate and distinct may be the different offenses, and however different may be the punishments prescribed for them. 1 Winthrop, Mil. Law (2d Ed.) 219, 614; Davis, Mil. Law, 148, 689. It follows that, if the sentence is warranted by a conviction of two offenses, it is justified to the extent that such offenses are punishable.

The sixtieth article of war declares, among other things, that a person in the military service of the United States, "who enters into any agreement or conspiracy to defraud the United States by obtaining, or aiding others to obtain, the allowance of any false or fraudulent claim," or "who makes or causes to be made any claim against the United States, or any officer thereof knowing such claim to be false or fraudulent, * * * shall on conviction thereof be punished by fine or imprisonment, or by such other punishment as a court-martial may adjudge." The article, besides the two offenses mentioned, defines disjunctively eight others, and the language prescribing the punishment is contained in a concluding clause at the end of the enumeration. We entertain no doubt that the concluding clause is to be read distributively, and applies to each of the ten enumerated offenses; and that a person convicted of two or more of the ten offenses is by its terms punishable for each by fine, or by imprisonment, or by such other punishment as the court-martial may adjudge. Any other construction would attribute to congress the intention to ignore any distinction between degrees of guilt in punishing crime, and to subject a person guilty of one offense to the same measure of punishment as one guilty of several or of all of the ten offenses.

As has been stated, the relator was convicted of two of the offenses defined by the sixtieth article of war. The record presents the charges and specifications upon which he was found guilty of those offenses. The charges describe each offense in the language of the article. Whether the specifications support the charges or the evidence supports the specifications, we are not at liberty to consider. Nor is it open to inquiry whether the two offenses were in fact but one and the same criminal act. When properly constituted and convened, a court-martial has jurisdiction to hear and determine the question whether the accused is guilty of any of the offenses created by the articles of war. This jurisdiction necessarily includes the authority to decide, when the charge preferred against the accused is the commission of one or more of these offenses,

whether the specifications and the evidence sufficiently exhibit the incriminating facts. As was said by the supreme court in Dynes v. Hoover, 20 How. 65, 15 L. Ed. 838, the sentence (when confirmed by the president) "is altogether beyond the jurisdiction or inquiry of any civil tribunal whatever, unless it shall be in a case in which the court had no jurisdiction over the subject-matter or charge, or one in which, having jurisdiction over the subject, it has failed to observe the rules prescribed by statute for its exercise." Having found the relator to be guilty of two offenses, the court was empowered by the statute to punish him as to one by fine and as to the other by imprisonment. The sentence was not in excess of its authority.

It is proper to state that the other punishments imposed upon the relator by the sentence were authorized by the articles of war. The conviction of conduct unbecoming an officer and a gentleman was for an offense in violation of article 61, and that article requires that, upon conviction, the officer be dismissed from the service. The punishment by publication of his crime was authorized by article 100, which provides for such punishment when an officer is dismissed from the service for cause. It is also proper to state that congress can, if it sees fit, carve out two or more offenses from a single criminal transaction, and impose cumulative punishments for the different offenses (Com. v. Trickey, 95 Mass. 559; U. S. v. Harmison, 3 Sawy. 556, Fed. Cas. No. 15,308); and, if the court-martial convicted the relator of several offenses for a single criminal transaction, it did not transcend, necessarily, the power conferred by the sixtieth article of war.

The appellant has urged the proposition that the relator, having been dismissed from the service, was not thereafter amenable to military authority. If by this it is meant to be said that he was no longer lawfully in custody under the sentence of imprisonment, the proposition has not sufficient color of merit to require discussion.

In dismissing the writ the court below expressed the opinion that the relator was properly convicted by the court-martial of an offense in violation of the sixty-second article of war, and that the sentence of imprisonment was supported by such conviction. Without intending to impugn the correctness of this conclusion, we have not considered the question, because, in the view we have reached, it does not arise. The relator was lawfully restrained of his liberty by the sentence and commitment pursuant to it, because the sentence was warranted, both as to fine and imprisonment, by his conviction of one offense subjecting him to punishment by fine, and of another subjecting him to punishment by imprisonment, and both in violation of the sixtieth article of war.

The order dismissing the writ of habeas corpus is affirmed, with costs.