Weldon, J.,
delivered the opinion of the court.
The court has considered, in connection with this case, the case of Gibson, No. 22864. The claimant, a captain in the *176 Navy, with a creditable record, and who had served during the civil war was retired on the following order:
“NTAVT DEPARTMENT,
‘ ‘ Washington, December 8,1900.
“Sir: On December 11, 1900, you will regard yourself transferred to the retired list of officers of the United’States Navy, in accordance wfith the provisions of section 1444 of the Revised Statutes, and with the rank and three-fourths of the sea pay of the next higher grade, i. e., rear-admiral, in accordance with the provisions of section 11 of the navy personnel act, approved March 3, 1899.
“ Respectfully,
“John D. Long, Secretcwnj.
“Capt. JohN Lowe, U. S. Na\>y,
“Pope Tvbe Company, Ilartford, Conn.’’’
Since such retirement the claimant has received paj*- at the rate of $4,125, being three-fourths of $5,500, the pay fixed by section 1261 of the Revised Statutes as the pay of a brigadier-general in the Army. If paid at the rate of a major-general in the Army, he would have received pay at the rate of three-fourths of $7,500 a year, being $5,625 a year, a difference of $1,500 a year above what he has been receiving, as above stated.
This suit was brought to recover the difference between the pay of a brigadier-general in the Army and that of a major-general.
Section 1444, Revised Statutes, is as follows:
“When an officer below the rank of a vice-admiral is 62 years old he shall, except in the case provided in the next section, be retired from the active service.”
Section 11 of the navy personnel act is as follows:
“That any officer of the Navy with a creditable record, who served during the civil war, shall, when retired, be retired with the rank and three-fourths sea pay of the next higher grade.” (30 Stat. L., 1007.)
Section 13 of the naval personnel act (30 Stat. L., 1007) provides as follows:
“That after June 80, 1899, commissioned officers of the line of the Navy and of the Medical and Pay Corps shall receive the same pay and allowances, except forage, as are or may be *177 provided by or in pursuance of law for the officers of corresponding rank in the Army.”
The first proviso in section 7 of the naval personnel act (30 Stat. L., 1005) is as follows:
“That each rear-admiral embraced in the nine lower numbers of that grade shall receive the same pay and allowances as are now allowed a brigadier-general in the Army.”
It is insisted by claimant that being a rear-admiral on the retired list he ranks with a major-general in the Army, and therefore entitled to same pay. The question is therefore presented as to whether a captain in the Navy when retired as a rear-admiral, under the provisions of section 1444, Revised Statutes, and section 11 of the naval personnel act, shall receive the pay of a major-general or that of a brigadier-general.
It is contended by the defendants that, when the claimant was promoted to the next higher grade, to wit, rear-admiral, he became in legal effect a part of the nine lower numbers of the eighteen rear-admirals provided for b3r the provisions of section 7, as quoted above. The contention is, therefore, to be determined by the decision of the question as to which class he legally belongs. If by operation of his retirement he passes into and becomes a part of the higher number, his contention as to the pay of a major-general is well founded; but if in legal effect he became a part of the lower number, he is entitled to the pay of a brigadier-general, and is therefore not entitled to recover in this proceeding, having been paid at that rate.
It is said by the Comptroller of the Treasury (7 Comp. Dec., 164):
“The naval personnel act abolished the grade of commodore and practically substituted a new grade for pay purposes within the grade of rear-admiral, known as the nine lower numbers of that grade, and into this subgrade commodores were advanced.”
This presents the real issue in this proceeding, and if that construction be correct, then the claimant has been paid all he is entitled to, and is therefore not entitled to recover.
*178 It is insisted by counsel for claimant in the Gibson case — a like case — that the fact that sections 8 and 9 of the personnel act retained for purposes of pay certain officers of the rank of commodore, which corresponds to that of brigadier-general, without any express provision of retirement in the next higher grade above that of captain, is an indication of a legislative intent to place the claimant, retired under section 11 of said act, in the rank or grade of a rear-admiral, having pay of the higher number;' that without qualification the retirement of the claimant was to the full pay of a réar-admiral without diminution incident to the numbers in the list of admirals.
In support of the theory of the plaintiff’s right to recover our attention has been cited, in the case of Gibson (argued in connection with this case), to the decision of the Supreme Court in the case of Rodgers v. The United States (185 U. S., 83), affirming the decision of this court in 33 C. Cls. R,., 266, in which the Supreme Court says:
“Prior to the act of March 3,1899, the corresponding ranks of officers of the Navy and the Army were rear-admiral and major-general, commodore and brigadier-general, captain and colonel. By that act the rank of commodore was abolished, although that of brigadier-general was undisturbed. JSfo change was made in the relative rank of captain and colonel, or of rear-admiral and major-general, but tne legislation left one rank in the Army to which there was no corresponding rank in the Navy. The statute in effect lifted the rank in the Navy which was corresponding to that of brigadier-general in the Army to that of rear-admiral, and corresponding with that of major-general in the Army.”
It is contended that this definition of the relative rank between, the officers of the Army and Navy tends to strengthen the claims of the plaintiff. The decision settles the rank of the claimant, but that does not settle the question in issue in the case.
It is said in that connection, that there is no exception in the terms of the law which justifies the claimant being placed on the lower basis of pay, but in reply to that it may be said that there is no provision of the law placing him on the higher basis, the pay of an admiral. The statute has made a *179 distinction in pay of the admirals on the active list by a classification by numbers, and upon that classification has based .the emoluments of the rank, and when the claimant is placed in the rank, he confronts two conditions, which may from the pay be called the higher and lower number.
It is ably argued by the counsel in the case of Gibson, No. 22864, and in this case, that there is no room for construction of the act upon which the claimants’ right is based; that the words of the law are plain and unambiguous, and therefore it is the duty of the court to enforce the statute by the application of its terms and language. Many authorities arc cited to sustain the theory, that where the words are plain and unambiguous there is no room for construction or interpretation; and therefore the simple duty of the court is to apply the law as by its terms it has been enacted by the legislature. It is said in substance that section 11 does not provide that a captain who has served during the civil war upon retiring with the rank of a rear-admiral shall receive less than the rank of a rear-admiral, and that the classification of higher or lower numbers is intended for the active list of the hlavy, and has no application to the claimant, he being on the retired list; that if it had been the intention of Congress th..t the claimant was to receive the pay of a brigadier-general, it would have been so provided in the statute, and that in the absence of any such provision the statute must be interpreted, not from conditions existing in the retired list, but from the words of the law. In support of the theory that where the real meaning of the statute is plain and there is no room for ambiguity, it is the duty of the court to enforce it according to its very language.
Our attention has been cited to the cases of Lake County v. Rollins (130 U. S., 662, 663); United States v. Tylor (105 U. S., 244); Thornley v. The United States (173 U. S., 310); Queen v. Poor Laxo Commission (6 Adolph and Ellis, 66); County Seat of Linn County (16 Kansas, 601), and other cases, establishing the well-settled doctrine that statutes are to be applied and not construed when no doubt arises from the words and provisions of the law. We have carefully examined the cases relied on by counsel in both cases; but do not find that they settle the controversy arising upon the words and terms of *180 the various statutes in relation to the subject-matter of this proceeding, as contended by claimants.
In the construction of the thirteenth section of the personnel act, and the section of said act which makes a distinction in the pay of rear-admirals dependent upon their grade in numbers, we are dealing with a condition arising from the proviso making such distinctions, and must deal with .that condition in the most reasonable way in determining the will of the legislature. The two sections taken together require construction and interpretation, and we are not confined to the application of the- mere words of the statute. Where the words are plain and unambiguous the dutjr of the court is to apply the plain words of-the statute; but when the subject-matter of the law is somewhat variable, then it is the duty of the court to so interpret or apply the words of the law as is most reasonable and just to such conditions, and thereby effectuate the intent of the legislature. Upon the transfer of the claimant to the retired list of the Navj', by operation of law he succeeded to the next highest rank as a rear-admiral it is true, but in that rank we find a classification as to pay; that classification has a higher and lower grade of pay, one-half receiving the sum of $7,500 and the other half the sum of $5,500. The question in this case is not a question of rank but of pay, and the next highest pay to a captain (the rank of commodore being abolished by the personnel act) is that of an admiral in the lower number of the list of admirals.
As has been said, this is a question of pay and not bf rank in the active list of the Navy, and we find a classification of admirals as to pay, the higher numbers receiving the larger pay and the lower numbers the smaller pay. The intent of the personnel act, as shown by the words of the statute, was to promote the claimant to the corresponding rank in the Army, but the rank in the Navj' corresponding to the rank in the Army has two grades of pay, depending on the number which is held by the respective officers, thereby establishing a variety in the condition of pay. Promotion, unless other7 wise ordered, is by regular gradation, and each step is presumed to be taken unless otherwise provided. Applying that rule to the case of the claimant, his first step being promotion *181 of pay, would be into that grade having a lower rate of pay, and not into the grade having the right of higher pay.
The main object of the act of March 3, 1899, in dealing with the rights of the claimant was promotion for the purpose of pay, and not of rank; and the qualifications on that promotion “with rank and three-fourths sea pay of the next higher grade, i. e., rear-admiral,” as stated in the order, following the substance of the statute, must mean the pay of a brigadier-general, that pajr corresponding with the pay of the nine lower numbers on the active list.
Pay and not rank being the paramount purpose of the law, we must regard the grades of pay which we find incident to the active list of the Navy, and at the threshold of those grades, looking at and for the “next higher,” we find as the lowest grade of pay the pay of a brigadier-general, and keeping in view the idea of it being a question of pay, we must adopt as the “next higher” the lower grade of pay.
In support of this theory of the law the case of Rodgers (,siqyrci) may be cited, in which, it is said in the opinion of the Court of Claims (36 C. Cls. R., 275):
“That for the purpose of pay a distinction is created by the act (Rev. Stat., sec. 1366) in the grade of rear-admiral and special provision therefor.”
In. affirmation of the decision of this court the Supreme Court says:
“The individuals thus raised in rank were not so raised on account of distinguished services or for any personal reason, but simply in consequence of the abolition of the official rank they had held. Is it unreasonable to believe that Congress thought it unwise to give to those officers (who had neither by length of service or by personal distinction become entitled to the position of rear-admiral, as it had stood in the past) all the benefits of such position? Would it be unnatural for Congress to bear in mind those who, by length of service or by personal distinction, had already earned the position, and provide that in, at least, the matter of pay there should be some recognition of the fact? Again, is it unreasonable to believe that Congress intended that those officers whose past services placed them according to the prior relative rank side by side with brigadier-generals of the Army should not, by a mere change of statute, be given a benefit in salary which was *182 not at the same time accorded to brigadier-generals in the Army? May not this explain its action in so dividing the rear-admirals into two classes — one composed substantially of former rear-admirals, equal both in rank and pay with major-generals in the Army, and the other of those who in the past were only commodores, to whom was given the rank of rear-admirals, but the pay of brigadier-generals in the Army ? ”
It is the conclusion of the court that the claimant, for the purpose of pay, falls within the lower numbers of the rear-admirals having the pay of a brigadier-general in the Army and having been paid at that rate, the petition is therefore dismissed.