### McRAE, Commandant, etc., v. HENKES.

(Circuit Court of Appeals, Eighth Circuit. May 14, 1921.)

No. 5556.

1. **War ⊂⊃32—Record sufficient to show jurisdiction of court-martial.**
   It is not necessary that every fact essential to the jurisdiction of a court-martial and the competency and qualification of its members should be set out in the record in each case, but with respect to formal matters relating to the creation of the court, such as a recital that an order of the War Department was "by direction of the President" or the designations of the rank and official position of officers, regularity will be presumed.

2. **War ⊂⊃32—Order convening court-martial, signed "by command" of the department commander, held valid.**
   That an order convening a court-martial was not signed personally by the department commander, but by a staff officer by his "command," *held* not to render it invalid.

3. **Army and navy ⊂⊃39—Officer may be convicted for same acts under both articles 95 and 96, Articles of War.**
   Offenses under Articles of War 95 and 96 (Comp. St. § 2308a, arts. 95, 96) are not the same, nor established by the same evidence, the former being applicable to officers and cadets; and the conviction of an officer under both articles on the same facts *held* not illegal, as placing him twice in jeopardy for the same offense.

4. **War ⊂⊃32—Decision of court-martial on matter of procedure not reviewable by civil courts.**
   The decision of a court-martial, having jurisdiction, on a question of procedure, is not reviewable by the civil courts.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollack, Judge.

---

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Petition by David A. Henkes against J. H. McRae, commandant of the United States Disciplinary Barracks, Ft. Leavenworth, Kan., for writ of habeas corpus. From an order discharging petitioner, defendant appeals. Reversed.

For opinion below, see 267 Fed. 276.

L. S. Harvey, Asst. U. S. Atty., of Kansas City, Kan., and Lieut. Col. W. A. Graham, of Washington, D. C. (Fred Robertson, U. S. Atty., of Kansas City, Kan., and Maj. Charles Marvin, of New York City, on the brief), for appellant.

Lee Bond, of Leavenworth, Kan., and Maj. John S. Maxwell, of Jacksonville, Fla., for appellee.

Before SANBORN and CARLAND, Circuit Judges, and LEWIS, District Judge.

LEWIS, District Judge, delivered the opinion of the Court.

[1] This is an appeal from an order discharging appellee on writ of habeas corpus from confinement in the U. S. Disciplinary Barracks at Fort Leavenworth, to which he had been sentenced by general court-martial on conviction of offenses against the 95th and 96th articles of war. (Comp. St. § 2308a, arts. 95, 96). If there was jurisdiction in that court over the offenses and the person, and it did not exceed its power, the confinement should have been held to be lawful and the prisoner's discharge denied. Carter v. McClaughry, 183 U. S. 365, 22 Sup. Ct. 181, 46 L. Ed. 236; 2 Black on Judgments, § 524. Henkes was, at the time of trial and for many years had been, a captain in the regular army. Exhibits attached to and made a part of his petition for the writ present, among others, a transcript of the order appointing the court and detailing the officers to compose it. It reads thus:

Headquarters Eastern Department.
Governors Island, New York.
Special Orders No. 304.                    November 27, 1917.

3. A general Court-Martial is appointed to meet Wednesday the 28th day of November, 1917, at 11 o'clock, A. M. or as soon thereafter as practicable at Governors Island, N. Y., and thereafter at such other stations in the vicinity of New York City, for the trial of such persons as may be properly brought before it.

Detail for the Court.

1. Col. William S. Patten, retired.
2. Col. George H. G. Gale, retired.
3. Col. Edwin P. Brewer, retired.
4. Col. Tredwell W. Moore, retired.
5. Lieut. Col. Edward E. Hardin, retired.
6. Lieut. Col. Edward R. Morris, retired.
7. Lieut. Col. James A. Goodin, retired.
8. Maj. Charles G. Dwyer, retired.
9. Capt. William H. Wheeler, retired.
10. Capt. Otto. A. Nesmith, retired.
Maj. Jackson A. Dykman, J. A. O. R. C., Judge Advocate.
First Lieut. John G. Livingston, retired, Assistant Judge Advocate.
The employment of a stenographic report is authorized.

The journeys required in complying with this order are necessary in the military service (250.42 J. A.)

By Command of Brigadier General Hoyle,
W. A. Simpson, Adjutant General,
Adjutant.

The appellant, who was commandant of the barracks, attached to his return and made a part of it the 151st paragraph of Special Orders 165, as follows:

War Department
Standard Form No. 13.3–1826
     Special Orders
No. 165.

War Department,
Washington, July 18, 1917.

Extract.

\*    \*    -    \*    \*    \*    \*    \*    \*    \*

151. By direction of the President, the following-named retired officers are placed on active military duty under the provisions of the next to the last proviso of Section 24, act of Congress approved June 3, 1916:

Col. William S. Patten.
Col. Treadwell W. Moore.
Col. George H. Gale.
Col. Edwin P. Brewer.
Lieut. Col. James A. Goodin.
Lieut. Col. Edwin E. Hardin.
Lieut. Col. Edward R. Morris.
Maj. John Bigelow.
Maj. Charles G. Dwyer.
Capt. Otto A. Nesmith.
Capt. William H. Wheeler.
First Lieut. John G. Livingston.

The officers named will report in person to the commanding general, Eastern Department, Governors Island, N. Y., for assignment to duty. The travel directed is necessary in the military service.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*

By order of the Secretary of War:

Tasker H. Bliss,
Major General, Acting Chief of Staff.

Official:
     H. P. McCain,
     The Adjutant General.

Brigadier General Hoyle, as commanding officer of the Eastern Department, had the right and authority under the 8th article of war (Comp. St. § 2308a) to select the retired officers named in the order as members of the court and to order them to serve as such, provided they had been assigned by the Secretary of War to active duty, with their consent. 33 Stat. 264 (Comp. St. § 2078); U. S. v. Tyler, 105 U. S. 244, 26 L. Ed. 985. They were also competent to serve as members of the court and subject to call and orders to discharge that duty, provided the President in his discretion, and in time of war, directed that they be employed on active duty. 39 Stat. 183 (Comp. St. § 1920aa). The requirement appears to have been covered in both ways, so that no room for doubt might be left. But the petition for the writ alleges, "that the members constituting the general court-martial which attempted to try your petition were not qualified under the laws of the United States and the Articles of War to sit on a court-martial and that any judgment

or sentence attempted to be rendered by said court-martial was null and void, as said court, so constituted and composed, had no jurisdiction over your petitioner, and no authority to render any judgment or pass any sentence upon him." Amplifying that position in argument here it is said that the court, being one of special and limited jurisdiction, all jurisdictional facts must appear upon its record, that the competency and qualification of its members to sit as such is a jurisdictional fact which the record should disclose; that prima facie, retired army officers are not qualified to sit, indeed are disqualified; hence the judgment is void and subject to collateral attack and its invalidity cannot be cured. To demonstrate that the argument is wholly without merit we deem it necessary to refer only to the opinion of the Supreme Court in Givens v. Zerbst, 255 U. S. 11, 41 Sup. Ct. 227, 65 L. Ed. ——, lately decided. See also opinion of that Court in Kahn v. Anderson, lately handed down, 255 U. S. 1, 41 Sup. Ct. 224, 65 L. Ed. ——. For we think it must follow from what is said in the Givens Case that the omission from the court record of the action taken by the President and Secretary of War disclosed in Special Orders 165 did not render the judgment and sentence void and subject to collateral attack. Indeed, we are of opinion that such facts could not be appropriately made a part of the record,—no more than facts showing that the members of the court had been commissioned as officers. In reality the proceeding in the present aspect is in the nature of quo warranto, which is not permissible. 1 Black on Judgments, Sec. 256. Moreover, although it was necessary that each member of the court be fully competent to sit, nevertheless, we are of opinion that Order No. 304, convening the court and appointing the detail and the resulting service and action taken by those detailed, raised the presumption that its members were competent and possessed all the necessary qualifications entitling them to sit as such, and that the burden rested on the petitioner to overthrow that presumption. The principle is applied in the civil courts, and we see no reason why it should not be applicable in the military as well. It is a rule of evidence in procedure, not to be confounded with substantive law, which measures the effect of facts already established, e. g., the acts of de facto officers.

"Precedent acts and conditions essential to the validity of the subsequent act in question are presumed to have been regularly and properly performed." 9 Encyc. of Evid. p. 948.

"It is not, in general, necessary to prove the written appointments of public officers; for this would be attended with general inconvenience; and a strong presumption arises from the exercise of a public office, that the appointment to it is valid. * * * In the case of justices of the peace, constables, &c., it is sufficient to prove that they acted in these characters without producing their appointments." 1 Phillipps on Evidence, p. 489.

Mr. Justice Story, in delivering the opinion in Bank v. Dandridge, 12 Wheat. 64, 6 L. Ed. 552, said:

The law "will presume that a man, acting in a public office, has been rightly appointed."

In Rankin v. Hoyt, 4 How. 327, 11 L. Ed. 996, the inquiry was on the appointment of appraisers by the collector of customs. At page 334 of 4 How. (11 L. Ed. 996) it is said:

"In saying that the appraisers had no right to act without the previous request of the collector, and that no such request appears in the evidence, nothing is stated beyond the truth. But, in the absence of testimony to the contrary, the legal presumption is, that the appraisers and collector both did their duty, he requesting their action, as by law he might, and they complying."

See also 2 Chamberlayne, Modern Law of Evidence, § 1199 et seq.; Nofire v. U. S., 164 U. S. 657, 17 Sup. Ct. 212, 41 L. Ed. 588; Cofield v. McClelland, 16 Wall. 331, 21 L. Ed. 339.

[2] Objections are also made to the order convening the court, that it does not appear to have been subscribed personally by Brigadier General Hoyle but by his staff officer, and also that the department of which he is in command should appear below his personal signature. The proposition is rested upon forms of such orders recommended in Winthrop's Military Law. We regard the insistence, however, as relating purely to a matter of form, and not substance. The order shows on its face that the court was convened and the detail fixed by command of the brigadier general, and the caption shows the department of which he was commanding officer. In both respects we regard the objections as not well taken. We cannot draw the desired inference that, whereas the suggested form would show that the order received both the personal and official attention of the commanding officer, the one used would not.

[3] There were three specifications under each charge, consisting of three letters written by appellee of dates May 26, June 29, and October 10, in 1917. That is, the three specifications under the charge of violating the 95th article were identical with those under the charge of violating the 96th article; and it is alleged in the petition for the writ that inasmuch as the specifications set up the same facts to be proved under each charge, this operated to put the petitioner twice in jeopardy for the same offense. Only an officer or cadet can commit the offense named in the 95th article. It reads:

"An officer or cadet who is convicted of conduct unbecoming an officer and a gentleman shall be dismissed from the service."

It exacts conduct becoming both an officer and a gentleman. We appreciate the high requirement and purpose of the article and understand in a broad sense the offense, but confess a lack of knowledge of its definite limitations, and also admit a superior capacity in the military court over the civil to deal with it. The same comments and admission go to the 96th article, though it is broader in scope than the 95th. As to persons, it includes every one subject to military law, as to the offense, "all disorders and neglects to the prejudice of good order and military discipline, all conduct of a nature to bring discredit upon the military service" are covered, and as to the punishment, that on conviction is left to the discretion of the court. An excerpt from Dynes v. Hoover, 20 How. 65, 82 (15 L. Ed. 838), is apt;

"Notwithstanding the apparent indeterminateness of such a provision, it is not liable to abuse; for what those crimes are, and how they are to be punished, is well known by practical men in the navy and army, and by those who have studied the law of courts-martial, and the offenses of which the different courts-martial have cognizance. With the sentences of courts-martial which have been convened regularly, and have proceeded legally, and by which punishments are directed, not forbidden by law, or which are according to the laws and customs of the sea, civil courts have nothing to do, nor are they in any way alterable by them. If it were otherwise, the civil courts would virtually administer the rules and articles of war, irrespective of those to whom that duty and obligation has been confided by the laws of the United States."

[4] But, as a question of pleading, it is very clear to us that the two charges are not one and the same offense. Furthermore, that was a question in procedure, not of jurisdiction, and which the court-martial, having obtained jurisdiction, was competent to decide. Ex parte Bigelow, 113 U. S. 328, 5 Sup. Ct. 542, 28 L. Ed. 1005; In re Eckart, 166 U. S. 481, 17 Sup. Ct. 638, 41 L. Ed. 1085; Rose ex rel. v. Roberts, 99 Fed. 948, 40 C. C. A. 199. Our answer to the other element embodied in the contention is: Gavieres v. U. S., 220 U. S. 338, 31 Sup. Ct. 421, 55 L. Ed. 489. Here, as there, it was necessary to establish a fact under one charge not required under the other. Conviction could not be had under the 95th article, unless it be proven that defendant is an officer. No such proof is needed under the 96th. See also Carter v. McClaughry, supra.

There was error in discharging appellee.

Reversed.