## FRAZIER et al. v. ANDERSON, Warden, etc.

(Circuit Court of Appeals, Eighth Circuit. October 18, 1924.)

No. 5873.

1. War ⬤⟾32—General court-martial held regularly called and properly constituted.

General court-martial, called pursuant to eighth article of war (Comp. St. § 2308a) and composed of officers competent to sit, *held* regularly called and properly constituted.

2. Evidence ⬤⟾11—Courts take judicial knowledge of fact that United States was at war at particular time.

Courts take judicial knowledge of fact that in August, October, and December, 1917, when offenses were committed and court-martial called to try defendants, and trial had, the United States was at war.

3. War ⬤⟾32—Defendants held not without jurisdiction of court-martial, though offenses committed outside military reservation.

Negro soldiers, who in violation of orders broke camp and engaged in a racial riot, during which they committed murder, *held* not without jurisdiction of court-martial, on ground that their offenses were committed outside military reservation.

4. War ⬤⟾32—Sentence of soldiers to life imprisonment for violations of four different articles of war held valid.

Sentence of soldiers to life imprisonment imposed jointly for violations of Articles of War, §§ 64, 66, 92, 93 (Comp. St. § 2308a) *held* valid under article 92 if not valid under each article.

5. War ⬤⟾32—Defendants held subject to conviction for violation of four different articles of war.

Soldiers charged with violation of Articles of War, §§ 64, 66, 92, 93 (Comp. St. § 2308a), may be convicted on all four charges; the offenses being separate and requiring different testimony to establish.

6. Habeas corpus ⬤⟾92(1)—Review of conviction by court-martial limited to question of jurisdiction.

On habeas corpus to effect release of federal prisoners convicted by general court-martial for violation of articles of war (Comp. St.

§ 2308a), inquiry of court is limited to question of jurisdiction of court-martial.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Habeas corpus proceeding by William Frazier and others against A. V. Anderson, Warden of the United States Penitentiary at Leavenworth. From a denial of writ, plaintiffs appeal. Affirmed.

Turner W. Bell, of Leavenworth, Kan. (Ethelbert T. Barbour, of El Reno, Okl., and Elisha Scott, of Topeka, Kan., on the brief), for appellants.

Alton H. Skinner, Asst. U. S. Atty., of Kansas City, Kan. (Al. F. Williams, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before SANBORN and LEWIS, Circuit Judges, and KENNEDY, District Judge.

LEWIS, Circuit Judge. This is an appeal from an order denying writ of habeas corpus to 41 petitioners, appellants here, who allege that they were unlawfully restrained of their liberty by the Warden of the United States Penitentiary at Leavenworth, Kansas. It appears from the petition and exhibits attached that they were all tried by general court-martial at Fort Sam Houston, Texas, in December, 1917, for violations of the 64th, 66th, 92d and 93d Articles of War (4 Comp. Stat. p. 3934 et seq.). The court was called by special order issued October 20, 1917, from "Headquarters Southern Department, by Command of Major General Ruckman," to be convened on the first day of the following month. It was composed of thirteen members, they met pursuant to the call, charges of violation of the four articles were regularly made against all of the petitioners, they were tried by the court, found guilty on all charges and sentenced to life imprisonment in the U. S. Penitentiary at Leavenworth, Kansas. From the record it appears that all of the petitioners were members of the 24th United States Infantry stationed at Fort Sam Houston on August 23, 1917, when the offenses of which they were convicted were committed. They were at that time, and for some time theretofore had been, encamped between Camp Logan and the City of Houston, for the purpose of guarding construction work in progress at that camp. The petitioners are all negroes. They were then in the military service of the United States, some as officers and the

others as soldiers. They were on the outskirts of Houston, and occasionally went into the city. Racial feeling and prejudice were manifested on these occasions and became very bitter between them and the city police officers, which resulted in a riot on August 23d ending in bloodshed. Adhering to the definition of the offenses given by the respective Articles, Charge 1 is that the petitioners, "all of the 24th Infantry, acting jointly and in pursuance of a common intent, having received a lawful command from Major K. S. Snow, 24th Infantry, their superior officer, to remain in camp, did, in time of war, willfully disobey the same. This at the camp of the 3d Battalion, 24th Infantry, near Houston, Texas, on the 23d day of August, 1917."

Charge 2, that the petitioners, "all of the 24th U. S. Infantry, acting jointly and in pursuance of a common intent, did, at the camp of the 3d Battalion, 24th Infantry, near Houston, Texas, on the 23d day of August, 1917, join in a mutiny in the 3d Battalion of the 24th Infantry, against the authority of Major K. S. Snow, 24th Infantry, the commanding officer thereof, and the officers of said battalion then and there present, by disregarding and defying the lawful orders of the said officers to disarm and to remain in camp, and by seizing arms and ammunition, by discharging of fire arms and by other disorders, did forcibly subvert and over-ride military authority and break out of camp with the intent of marching upon the City of Houston, Texas, to the injury of the persons and property therein situated."

Charge 3, that the petitioners, "all of the 24th U. S. Infantry, acting jointly and in pursuance of a common intent, did, at or near Houston, Texas, on or about the 23d day of August, 1917, in time of war, with malice aforethought wilfully, deliberately, feloniously, unlawfully, and with premeditation, kill E. A. Thompson, A. R. Carstens, M. Gerado, Fred J. Winkler, C. W. Wright, Earl Findly, R. H. Daniels, Horace Moody, Captain J. W. Mattes, 2d Illinois Field Artillery, Corporal Melvin D. Everton, Company E 5th Texas Infantry, E. S. Meineke, Ira D. Rainey, S. Satton, and Eli Smith, human beings, by shooting them with U. S. Rifles loaded with powder and ball."

Charge 4, that the petitioners, "all of the 24th U. S. Infantry, acting jointly and in pursuance of a common intent, at or near Houston, Texas, on the 23d day of August, 1917, with intent to commit a fel-

ony, to wit, murder, did, with malice aforethought, unlawfully and feloniously assault G. W. Butcher, Alma Reichert, William J. Drucks, W. A. Wise, T. A. Binford, Freddie Scofield, W. H. Burkett, and James Edwin Lyons by shooting at and upon them with U. S. Rifles loaded with powder and ball."

[1, 2] It is contended here that the court was not regularly called nor properly constituted, that the United States was not at war and, therefore, the court had no jurisdiction over petitioners. The respects in which it is contended that the court was not regularly called and properly constituted are not pointed out. Under the 8th Article the commanding officer of the Southern Department was empowered to call the court, appoint its members and designate the day of its meeting. The call, attached to the petition as an exhibit, is in strict compliance with this Article. All of the members of the court were officers and competent to sit. We take judicial knowledge of the fact that at the time the offenses were committed, at the time the court was called and at the time petitioners were tried, the United States was then at war. The record shows that each of the petitioners was an officer or soldier of the 3d Battalion, 24th Infantry, then in service, and they were subject to trial by court-martial on the charges preferred against them. The second Article provides:

"All officers and soldiers belonging to the Regular Army of the United States; all volunteers, from the dates of their muster or acceptance into the military service of the United States; and all other persons lawfully called, drafted or ordered into, or to duty or for training in, the said service, from the dates they are required by the terms of the call, draft or order to obey the same," shall be understood as included in the term "any person subject to military law," or "persons subject to military law," whenever used in these Articles; and the 12th Article provides that "general courts-martial shall have power to try any person subject to military law for any crime or offense made punishable by these articles."

[3] It is also contended that the court had no right to try the petitioners because it appears that the offenses were committed outside of the military reservation at Fort Sam Houston.

[4] These contentions all find refutation, we think, in Kahn v. Anderson, 255 U. S.

1, 41 S. Ct. 224, 65 L. Ed. 469, and Givens v. Zerbst, 255 U. S. 11, 41 S. Ct. 227, 65 L. Ed. 475. In the Kahn Case it appears that the petitioners were confined in the Disciplinary Barracks at Leavenworth at the time they were charged to have violated the 92d and 96th Articles of War, in that they conspired to murder and did murder a fellow prisoner, and that at the time they committed those offenses their confinement was under sentences of imprisonment imposed by court-martial for military offenses that they had theretofore committed. The argument that the petitioners did not possess the military status essential to cause them to be subject to the court's jurisdiction was held to be without merit. It was stated that even if their discharge as soldiers had resulted from the previous sentence which they were serving, they were still subject to military law because they were military prisoners. The punishment to be imposed under the 64th and 66th Articles is death or such other punishment as a court-martial may direct; under the 92d Article it is death or imprisonment for life, as a court-martial may direct; and under the 93d Article the offender "shall be punished as a court-martial may direct." Each of the petitioners was sentenced to imprisonment in the United States Penitentiary at Leavenworth, Kansas, to be confined at hard labor, for the term of his natural life. The sentence was imposed upon all of the four charges of which petitioners are found guilty, and not separately upon each. Article 92 expressly provides that any person subject to military law who commits murder may be sentenced to imprisonment for life. The sentence imposed is, therefore, sustained on the charge under that Article, without more; though we see no reason to doubt its validity under each of the other charges.

[5, 6] Learned counsel is in error in his contention that petitioners could be convicted only on one charge. The four charges were of distinct and separate offenses, separately defined by the four Articles, and it required different testimony to sustain each. Gavieres v. U. S., 220 U. S. 338, 31 S. Ct. 421, 55 L. Ed. 489; McRae v. Henkes (C. C. A.) 273 F. 108. Our inquiry is limited to that of jurisdiction of the court-martial, of which we have no doubt; and its power was not exceeded. The District Judge did not err in denying the writ.

Affirmed.