**BURNS ex rel. BURNS v. SANFORD.**
No. 2265 H. C.

District Court, N. D. Georgia,
Atlanta Division.
April 20, 1948.

Irving M. Strauch, of Memphis, Tenn., for petitioner.

J. Ellis Mundy, U. S. Atty., Harvey H. Tisinger and F. Douglas King, Asst. U. S. Attys., and Colonel Eugene Ferry Smith, J. A. G. D., Staff Judge Advocate, Third Army, all of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

In October 1945, petitioner and five others were tried together and, as far as petitioner was concerned, convicted by a general court-martial upon charges and specifications alleging assault with intent to commit rape upon one Ruby Scott; assault with intent to commit rape upon Corporal Anna Dackerman; assault upon Sergeant William F. Fields; and commission of a riot.

Upon conviction of said charges, petitioner was sentenced upon a general or gross sentence of forty years. This sentence was, on July 18, 1946, by order of the Secretary of War, directed by the President, reduced to a term of twenty-five years, which sentence petitioner is now serving in the Atlanta Penitentiary. He files this application for writ of habeas corpus alleging that there was no substantial evidence of his guilt or corroboration of the testimony of the alleged victims; that conviction was obtained upon evidence largely in the nature of stipulations; that he was not properly represented by counsel; that he was denied his constitutional right to confront and cross-examine witnesses; that witnesses were not examined who might have aided his defense; that he was coerced by defense counsel to incriminate himself; that no thorough investigation of the charges were made and the Court failed to inquire into the reputation of the alleged victims as to chastity.

The petitioner had a constitutional right to be confronted by witnesses, but this right may be, and was, waived by petitioner by entering into written stipulations signed by his counsel and himself, agreeing to the use of written statements of witnesses in lieu of their production in court. Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500, Ann.Cas. 1913C, 1138; Grove v. United States, 4 Cir., 3 F.2d 965, certiorari denied 268 U.S. 691, 45 S.Ct. 511, 69 L.Ed. 1159.

Of the stipulations introduced in evidence, five were tendered by the prosecution and eighteen on behalf of the defense. In addition to stipulations, Ruby Scott was present at the trial and testified with respect to the charge of assault upon her. Her evidence was in conflict with that of petitioner but amounted to substantial evidence in support of the offense against her. With respect to the charge of assault upon Corporal Dackerman, her evidence was presented in the nature of a stipulation, but as above held, this evidence was properly considered in view of the stipulations entered into by petitioner.

The specifications charging assault against Sergeant Fields and of riot, were also supported by substantial evidence.

There is doubt in my mind as to the constitutionality of the punitive clause in the 89th Article of War which provides that rioters "shall be punished as a court-martial may direct." 10 U.S.C.A. § 1561. There is no question of the constitutionality of a statute which does not expressly limit and fix a maximum penalty which may be imposed if such penalty is fixed by a general or related statute. Andreas v. Clark, 9 Cir., 71 F.2d 908, 909, certiorari denied 293 U.S. 555, 55 S.Ct. 111, 79 L.Ed. 657. See also, Frazier v. Anderson, 8 Cir., 2 F.2d 36. The 45th Article of War provides that, "Whenever the punishment for a crime

or offense made punishable by these articles is left to the discretion of the court-martial, the punishment shall not exceed such limit or limits as the President may from time to time prescribe: * * *." 10 U.S.C.A. § 1516. No limit has been imposed by the President, so that, even if Congress could delegate to the President the power to fix the maximum penalty, he has not done so, and the situation is left where this legislative function is undertaken to be exercised by a court-martial.

However, it is not necessary to decide this question, which was not raised by petitioner, since the other three specifications would support a maximum sentence of forty years and six months. The sentences upon these three counts are valid, and since, as reduced, the limit is within that fixed by law, the writ should be discharged.

The evidence shows he was competently represented by counsel and that no errors were committed in the trial or before it which would authorize his discharge on the writ of habeas corpus.

No ground for writ of habeas corpus having been established,

It is considered, ordered and adjudged that said writ of habeas corpus be, and same is, hereby discharged and petitioner remanded to the cutody of respondent.