BAUER, Circuit Judge.
 

 Ward W. Miller, trustee in bankruptcy for the joint estate of Mr. and Mrs. James S. Haynes, Sr., appeals from the bankruptcy court order denying his request for turnover of Haynes’ Navy retirement pay to the bankruptcy estate. We affirm.
 

 I
 

 Haynes retired from the Navy in 1971 after completing twenty years of service. Upon his retirement, Haynes was transferred to the Fleet Reserve and began receiving retainer pay. 10 U.S.C. § 6330. Sometime in 1981, Haynes was transferred to the retired list of the Regular Navy, whereupon his retainer payments ceased, and he began receiving retirement pay.
 
 Id.
 
 § 6331. He presently receives approximately $610.00 per month retirement pay.
 

 Haynes and his wife filed a joint voluntary petition for bankruptcy on July 11, 1980. 11 U.S.C. § 701
 
 et seq.
 
 They listed Haynes’ Navy retirement pay as income. On August 11, 1980, the trustee in bankruptcy requested the bankruptcy court to order Haynes to turn over his retirement pay to the estate.
 
 Id.
 
 § 542(a). The trustee contended that the retirement pay was nonexempt property of the estate.
 
 Id.
 
 §§ 522, 541(a). The bankruptcy court entered an order on March 6, 1981, denying the trustee’s request. The bankruptcy court held that Haynes’ retirement pay was proceeds for services performed after Haynes filed the petition for bankruptcy, and, thus, it was not property of the estate.
 
 Id.
 
 § 541(a)(6).
 

 II
 

 Section 541 of the Bankruptcy Code broadly defines the bankrupt’s estate as including “all legal or equitable interests of the debtor in property as of the commencement of the case.” 11 U.S.C. § 541(aXl).
 
 *719
 
 Proceeds the debtor receives for services performed after filing the bankruptcy petition, however, are not property of the estate.
 
 Id.
 
 § 541(a)(6). The sole issue in this case is whether Haynes’ retirement pay is proceeds for services performed after Haynes filed the bankruptcy petition.
 

 From 1971 to 1981, Haynes received retainer pay for serving in the Fleet Reserve. As a member of the Fleet Reserve, Haynes was required to perform up to two months of active duty training every four years if ordered to do so by the Secretary of Navy. 10 U.S.C. § 6485. Until 1977, Haynes was also required to report to the Navy for a physical examination at least once every four years. The Secretary of the Navy could have terminated Haynes’ retainer pay if Haynes had failed to report for the examination.
 
 Id.
 

 [1]
 

 Moreover, Haynes was subject to recall to active duty in time of war or during a national emergency declared by the President or Congress or whenever otherwise authorized by law.
 
 Id.
 
 He also remained subject to the Uniform Code of Military Justice and could be tried by a military court-martial without the constitutional safeguards that are available to civilian citizens.
 
 Id.
 
 § 802(6). If convicted, Haynes could be dishonorably discharged and required to forfeit further retirement pay.
 
 Id.
 
 § 856. In 1981 after Haynes became a retired member of the Regular Navy, he remained subject to the Uniform Code of Military Justice,
 
 id.
 
 § 802(4), and could be recalled to active duty in time of war or national emergency.
 
 Id.
 
 § 6482.
 

 Under most pension plans, the retiree is not required to perform any services for his former employer. The military retiree, however, remains obligated to the federal government to perform certain duties.
 
 See, e.g.,
 
 10 U.S.C. §§ 6482 & 6485. If the retiree fails to perform these duties, his retirement benefits may be terminated.
 
 Id.
 
 § 856. Several courts, including the Supreme Court, have concluded that because the military retiree has continuing duties, military retirement is more like wages than it is like a pension.
 
 United States v. Tyler,
 
 105 U.S. 244, 26 L.Ed. 985 (1881);
 
 Costello v. United States,
 
 587 F.2d 424 (9th Cir. 1978),
 
 cert. denied,
 
 442 U.S. 929, 99 S.Ct. 2858, 61 L.Ed.2d 296 (1979);
 
 Abbott v. United States,
 
 200 Ct.Cl. 384,
 
 cert. denied,
 
 414 U.S. 1024, 94 S.Ct. 448, 38 L.Ed.2d 315 (1973);
 
 Watson v. Watson,
 
 424 F.Supp. 866 (E.D.N.C.1976). We agree. In light of the obligations imposed on a military retiree as conditions of receipt of retirement pay, military retirement pay is actually reduced compensation for reduced current services.
 
 United States v. Tyler,
 
 105 U.S. 244, 245 & 246, 26 L.Ed. 985 (1881).
 
 See also McCarty v. McCarty,
 
 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). Haynes’s retirement pay is proceeds for services performed after the filing of the bankruptcy petition, and, thus, it is not property of the estate. 11 U.S.C. § 541(a)(6).
 

 The judgment of the bankruptcy court is
 

 AFFIRMED.
 

 [1]
 

 . Members of the Fleet Reserve are no longer required to report for physical examinations. 10 U.S.C. § 6485 (amendment effective July 30, 1977).