In re Charles C. GREINER and Tana L. Greiner, Debtors.

Phillip D. ARMSTRONG, Trustee of Estates of Charles C. Greiner and Tana L. Greiner, Plaintiff,

v.

UNITED STATES of America, acting through U.S. Coast Guard Military Pay Center; and Charles C. Greiner, Defendants.

Bankruptcy No. 82–05522.
Adv. No. 84–7118.

United States Bankruptcy Court,
D. North Dakota.

March 5, 1985.

Phillip D. Armstrong, Minot, N.D., for plaintiff.

Gary Annear, Fargo, N.D., Charles S. Miller, Jr., Bismarck, N.D., for defendant U.S.

Kent L. Johnson, Minot, N.D., for defendant Greiner.

## MEMORANDUM OPINION AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

This is an adversary case commenced by the Trustee on September 18, 1984, seeking turnover of the present value of the Debtor's United States Coast Guard pension benefits. The Debtor and the United States of America resist the Trustee's efforts, arguing that military pension benefits are not property of the Debtor's estate. The case was tried on February 12, 1985, with the parties stipulating to the essential facts. All parties filed post-trial briefs. The facts as material may be stated as follows:

### FINDINGS OF FACT

The Debtor, Charles C. Greiner, was retired from the United States Coast Guard on October 1, 1981, after serving for nearly 21 years. Upon retirement, he became eligible for a full pension and is currently receiving $972.00 per month. The benefits available to him are pursuant to 10 U.S.C. § 1315. He and his wife filed for bankruptcy on September 15, 1982, and were granted a discharge on July 8, 1983.

The pension benefits are received by the Debtor on a monthly basis and terminate upon his death. There are no survivor benefits, and there is no right on the part of the Debtor to cash out his retirement benefits for a lump sum payment. The monthly payments are taxable and are subject to garnishment and attachment. So long as the Debtor accepts such payments, he remains subject to recall for military service in the case of national emergency pursuant to 14 U.S.C. § 331. He also remains subject to the Uniform Code of Military Justice. Thus far, the Debtor has, however, not been recalled to active military service.

### CONCLUSIONS OF LAW

The issue presented is whether United States Coast Guard pension benefits are property of a debtor's estate under section 541 and thereby subject to the turnover provisions of section 542. The Trustee, placing principal reliance upon the recent Eighth Circuit decision of *In re Graham*, 726 F.2d 1268 (8th Cir.1984), argues that a broad application of section 541 establishes that military pension benefits fall within the scope of "property of the estate". Both the Debtor and the United States, disagreeing, cite *In re Haynes*, 679 F.2d 718 (7th Cir.) *cert. denied*, 459 U.S. 970, 103 S.Ct. 299, 74 L.Ed.2d 281 (1982) as a decision clearly holding that military retirement benefits do not become property of the debtor estate. The *Graham* case was not concerned with military retirement plans but rather addressed ERISA profit sharing plans. The Eighth Circuit's decision in *Graham* was in accord with the majority of courts in holding that ERISA pension plans and KEOGH plans are property of the debtor's estate. The facts of *Graham*, typical of ERISA plans, are dissimilar to the facts attendant to the Debtor's United States Coast Guard retirement plan. In *Graham*, the debtor was one of two employee/shareholders of Charles W. Graham, M.D., Ltd., a corporation whose earnings were derived solely from the debtor's services as a physician. The professional corporation made employer contributions to the plan based on the participant's salary percentage and, in addition, each of the two participants could make voluntary contributions. The Eighth Circuit, while broadly applying section 541, noted that ERISA plans are private employer pension systems and do become property of the bankrupt estate. The retirement plan available to the Debtor as a United States Coast Guard retiree is available by virtue of federal law. That law (10 U.S.C. § 1315) provides that a retired member of the arm-

ed forces is entitled to retired "pay" providing he remains subject to active duty recall. *Haynes*, supra., 679 F.2d 718 at 719, noted that because a military retiree is subject to continuing duties, his retirement benefits are more kin to wages than a pension. Such benefits are actually reduced compensation for reduced services. *See also McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981); *United States v. Tyler*, 105 U.S. 244, 15 Otto 244, 26 L.Ed. 985 (1881); *Costello v. United States*, 587 F.2d 424 (9th Cir.1978). Other factors which distinguish military pensions from ERISA and KEOGH plans are that a military retiree remains subject to the Uniform Code of Military Justice and has various restrictions placed upon his post-military service activities. *McCarty*, supra. On the basis of these distinctions, the Seventh Circuit in *Haynes* concluded that military retirement benefits were services performed subsequent to filing of the bankruptcy petition and therefore did not become property of the estate under section 541.

Perhaps, as the Trustee suggests, the distinction between ordinary pensions and military pensions made by the *Haynes* court is a fiction. It is, nonetheless, a fiction based on clearly derived distinctions which have been recognized by the Supreme Court as well as circuit courts. This Court believes that the Eighth Circuit, if it were to review the facts of the instant case, would fall in with *Haynes* and recognize the distinctions. In any event, the Trustee's position is against the current weight of authority with regards to treatment of military pensions under the Bankruptcy Code.

Accordingly, it is the opinion of this Court that the United States Coast Guard pension benefits available to the Debtor herein are not property of the estate under section 541 of the Bankruptcy Code and are therefore not subject to section 542. On the basis of the foregoing, the Trustee's Complaint is DISMISSED.

IT IS SO ORDERED.

JUDGMENT MAY BE ENTERED ACCORDINGLY.