**In re Reuben H. SIVERLING d/b/a General Business Services, Bonita Mae Siverling, Debtors.**

**Bankruptcy No. 86–03267–1–KMS.**

United States Bankruptcy Court, W.D. Missouri, St. Joseph Division.

March 26, 1987.

Craig C. Reaves, Kansas City, Mo., for movant Struck.

James H. Thompson, Jr., North Kansas City, Mo., for debtors/respondents.

### ORDER

KAREN M. SEE, Bankruptcy Judge.

Creditors Larry D. Struck and Lois A. Struck filed an objection to debtor's claim that his Army retirement pay is not property of the estate pursuant to 11 U.S.C. § 541(a)(6).

Under 11 U.S.C. § 541(a)(1), the bankruptcy estate consists of "all legal or equitable interest of the debtor in property as of the commencement of the case." However, "earnings from services performed by an individual debtor after the commencement of the case" are not property of the estate. 11 U.S.C. § 541(a)(6). Thus the issue is whether debtor's Army retirement pay is for services performed after the commencement of the case.

In *In re Haynes*, 679 F.2d 718, 719 (7th Cir.1982), the court found that military retirement pay is different from many private pension plans because military retirees remain obligated after retirement to perform certain duties for the federal government. For example, retired Army personnel remain subject to recall to active duty. 10 U.S.C. § 688. Retired Army personnel also remain subject to the Uniform Code of Military Justice. 10 U.S.C. § 802(a)(4). *McCarty v. McCarty*, 453 U.S. 210, 221–22 [3, 4], 101 S.Ct. 2728, 2735–36, 69 L.Ed.2d 589 (1981). These obligations must be fulfilled in order to continue to receive retirement benefits. Because military retirees have continuing duties to the government, military retirement is more like wages than a pension. *United States v. Tyler*, 105 U.S. (15 Otto) 244, 26 L.Ed. 985 (1881). Thus military retirement pay is actually reduced compensation for reduced

current services. *Tyler*, 105 U.S. at 245–46. *McCarty v. McCarty*, 453 U.S. at 221–22, 101 S.Ct. 2728, 2735–36.

Based on the foregoing, the Court finds that debtor's military retirement pay is not property of the estate under 11 U.S.C. § 541(a)(6).